T. T. EDGERTON, PLAINTIFF IN ERROR, VS. FRANKIE K. WEST ET AL., DEFENDANTS IN ERROR.

1. From the copy of supersedeas bond found in the transcript it appeared that plaintiff in error filed, within thirty days from the rendition of the judgment at law, a bond with the requisite sureties, conditioned as required by statute and approved by the Clerk of the Circuit Court on the day of its filing. On motion to dismiss, a copy of the bond, with no approval thereon, under the certificate of the clerk that it was a true copy of the original, was filed, but the affidavit of the clerk, to the effect that he did approve the bond on the date it was filed, as shown by the transcript, was produced: *Held*, On this showing that the bond was approved by the clerk on the day of its filing.

2. The statute authorizes a Clerk of the Circuit Court to approve bonds, but it does not require him to swear the sureties as to the value of their property. He should require a bond with good sureties, and the approval of it without a justification of sureties when they are insolvent may render him liable, but the mere fact of the absence of the justification of the sureties is no ground for vacating a supersedeas.

3. The supersedeas bond provided by section 1272 Revised Statutes should be sufficient in amount to protect the adverse party in the event his judgment is affirmed; and where a bond, sufficient in amount to cover the judgment, interest and costs when executed, appears to be insufficient in such amount when a motion is made in the appellate court to dismiss on account of its insufficiency, an additional bond will be required. Supersedeas to be vacated unless an additional bond in the sum of three hundred and fifty dollars be filed with the clerk of this court within thirty days.

Motion to vacate Supersedeas.

*H. H. Buckman*, for Motion.

*P. C. Fisher* and *D. U. Fletcher, Contra.*

MABRY, C. J.:

A writ of error was sued out in this case from a judgment at law, and a bond was filed within the time prescribed for it to operate as a statutory supersedeas. A motion is made to vacate the supersedeas on the grounds, in substance, that the bond is not conditioned as required by law, is not sufficient in amount, and there is no justification of the sureties, or approved by the clerk.

From the copy of the bond found in the transcript it appears that plaintiff in error, within thirty days from the rendition of the judgment, filed a bond with three sureties, conditioned as the statute requires, and was approved by the Clerk of the Circuit Court on the day of its filing. There is no justification of the sureties, before the clerk or any other officer. In support of the motion a copy of the bond, with no approval thereon, is filed under the certificate of the clerk that it is a true copy of the original, but an affidavit of the clerk is produced, to the effect that he did approve the bond on the date it was filed, as is shown by the copy in the transcript. The copy produced under the certificate mentioned does not show the approval, but it does not show that it was not approved, and the approval omitted in the copy produced. From the showing before us we must conclude that the bond was approved by the clerk on the day it was filed.

It is not insisted that the sureties are not worth the

amount of money requisite for sureties, but the claim is that as they did not justify as sureties the bond is not in accordance with law. This view is not correct. The statute authorizes the clerk to approve the bond, and he should require good sureties, but it does not make it mandatory on him to swear the sureties as to the value of their property. A justification of the sureties may be a protection to the clerk in the event they are in fact insolvent, and the approval of the bond without a justification of the sureties when they are insolvent may render the clerk liable, but the mere fact of the absence of the justification is no ground for vacating a supersedeas.

The judgment in the case was rendered on the 8th day of April, 1896, for $1,278.20, besides costs amounting to $25.40. The amount of the supersedeas bond, filed on the 14th of April, 1896, is $1,310. It is evident that the judgment with the accrued interest thereon up to the date of this motion is larger than the amount mentioned in the bond, and that if the judgment should be now affirmed, the bond would not be sufficient to protect defendants in error. The supersedeas bond provided for in section 1272 of the Revised Statutes should, in our judgment, be ample to protect the adverse party in the event his judgment is affirmed, and such is the purpose and spirit of the statute in allowing the supersedeas. Where a cause can not be immediately disposed of in the appellate court, the bond should be in an amount sufficient to cover the interest that may accrue on the judgment before the case can be decided here, and when this is not the case it can not be said the bond is ample to protect the adverse party. The bond in this case when executed was sufficient in amount to cover the judgment and in-

terest then due, but even now the amount is not suffi-
cient. An additional bond in a sum sufficient to pro-
tect defendants in error in the event their judgment be
affirmed should be given, and in default thereof the
supersedeas should be vacated.

It is, therefore, ordered that the supersedeas in this
case shall be and stand vacated unless the plaintiff in
error shall within thirty days from this date file with
the clerk of this court an additional bond with two or
more sufficient obligors in the sum of three hundred
and fifty dollars conditioned to pay the amount of the
judgment with interest and costs, if the same shall be
affirmed in this court.