WILLIAM C. HATHCOCK, *Appellant,* v. SOCIETE ANONYME, LA FLORIDIENNE, J. BUTTGENBACH & COMPANY, EDWARD HOLDER AND OTHERS, *Appellees.* ·

1. Where it is made to appear that the judge of the fifth judicial circuit was absent from his circuit, the judge of the eighth judicial circuit was empowered by the provisions of section 1481 of the general statutes of 1906, to fix the amount and conditions of a supersedeas bond in a case pending in the fifth judicial circuit.

2. Where the judgment is in whole or in part other than a money judgment, the amount and condition of a supersedeas bond must be determined by the court below; and the action of that court in fixing the amount of such a bond will be held to be conclusive, unless it be made to appear that a fraud, or that which is tantamount thereto, was practiced upon the court when the amount of the bond was fixed; or that there has been such a change in the existing condition of affairs or in the circumstances of the case, or of the parties, or in the condition of the property involved, that the amount of the bond as fixed by the court is not sufficient to protect the appellee in the event his judgment be affirmed.

This case was decided by the court *En Banc*.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Cooper & Cooper* and *Richard McConathy*, for motion.

*R. L. Anderson,* contra.

PARKHILL, J.—The appellant here filed a bill in the circuit court for Marion county in the fifth judicial circuit for specific performance of a contract for the sale of land. On May 30th, 1907, without notice, appellant obtained an injunction forbidding interference with his possession by appellees. The amount of the injunction bond was filed at five hundred dollars. On demurrer to the bill, it was dismissed as to Buttgenbach & Co., and Holder, and the injunction dissolved. On September 11th, 1907, a justice of this court granted a supersedeas "upon the giving and filing of bond and security, the amount and conditions of which shall be

fixed by the circuit judge." On the 12th day of September, 1907, the judge of the eighth judicial circuit, upon due proof of the absence of the judge of the fifth judicial circuit from his circuit, fixed the amount of the supersedeas bond at five hundred dollars, conditioned to pay all costs and damages the defendants, or either of them, may sustain by reason of the appeal in the event the decree is affirmed or the appeal dismissed.

The cause is before us now on the following motion: "Comes now the appellee, Societe Anonyme La Floridienna, J. Buttgenbach & Company, and shows to the court that it is a large miner and seller of phosphate rock, having contracts of sale for such rock for future delivery, and that by reason of the injunction in this cause, preventing it from mining rock from the land involved in this cause between appellant and this appellee, great loss and damage will accrue to this appellee, which in the event of an affirmance of the decree of the lower court cannot possibly be met by the amount of the supersedeas and injunction bonds in this cause.

Wherefore, the said appellee moves the court to require the appellant to execute another supersedeas bond in a larger and adequate amount than fixed by the present bond, and that upon his failure to execute such bond within the time to be fixed by the court, that the supersedeas herein be vacated, which said motions are based upon the affidavits this day filed."

In support of this motion it is contended that the judge of the eighth circuit had no authority, though the judge of the fifth circuit was absent from his circuit, to fix the amount and conditions of the supersedeas bond.

In the absence of the judge of the fifth judicial circuit from his circuit, as was made to appear herein, we think the judge of the eighth circuit was empowered to fix the amount and conditions of the bond, by virtue

of the provisions of section 1481 of the General Statutes of 1906, as follows: "Whenever the judge of any court, other than the supreme and criminal courts of record, shall be *unable* from *absence,* sickness or other cause * * * to discharge *any duty whatever* appertaining to his office, which may be required to be performed in vacation or between terms, it shall be the duty of any other judge of a court of the same jurisdiction as the court in which the cause is pending, on the application of any party, to perform such duties, and hear and determine all such matters as may be submitted to him; and such judge may discharge such duties either in his own or any other jurisdiction, and shall be substituted in all respects in the place and stead, in the manner aforesaid, of the judge unable * * * to act." Swepson v. Call, 13 Fla. 337; State ex rel. Florida Pub. Co. v. Hocker, 35 Fla. 19, 16 South. Rep 614.

It is urged that the amount of the bond is sufficient, and we are asked to require appellant to execute another supersedeas bond in an adequate amount.

The supersedeas bond provided by section 1701 of the General Statutes of 1906, should be sufficient in amount to protect the adverse party in the event his judgment is affirmed; and where a bond, sufficient in amount to cover the judgment, interest and costs when executed appears to be insufficient in such amount when a motion is made in the appellate court to dismiss on account of its insufficiency, an additional bond will be required. Edgerton v. West, 38 Fla. 338, 21 South. Rep. 278. But in Tampa St. Ry. & P. Co., v. Tampa Suburban R. Co., 30 Fla. 400, 11 South. Rep. 908, we held that the amount and condition of a bond, in a case like this, must be determined by the court below; that the statute has conferred upon the circuit judge the

authority to fix the amount of the bond; and when he acted in this matter, it will be presumed that he had before him all the facts necessary to a right and proper exercise of the power thus conferred upon him.  Upon the authority of that case, the action of the court below in fixing the amount of this bond must be held conclusive, unless it be made to apear that a fraud, or that which is tantamount thereto, was practiced upon the court when the amount of the bond was fixed; or that there has been such a change in the then existing condition of affairs, as that, either there has been such a change in the circumstances of the case, or of the parties, or in the condition of the property involved, that the amount of the bond as fixed by the court is not sufficient to protect the appellee in the event his judgment be affirmed.

The showing made in this case does not satisfy us that the alleged insufficiency in the bond arises from any of the causes above mentioned.  All these things are now as they were then.  We cannot say that the amount of the supersedeas bond given is insufficient, and the appeal herein will be considered here on its merits just as soon as the cause shall have been finally submitted on briefs by the parties.

The motion is denied.

All the justices concur.