JAMES A. DICKERSON ET AL. *v.* TISHOMINGO COUNTY.

[45 South., 21.]

STOCK LAW. *Districts. Land in adjoining county. Laws* 1900, p. 164. *Code* 1906, § 2235. *Repeals of statute.*

The provision of Laws 1900, p. 164, allowing land in one county to be added to a stock law district in an adjoining county not having been brought forward in the Code of 1906 (§ 2235) was repealed, and it was not error to reject a petition predicated thereof.

FROM the circuit court of Tishomingo county.

HON. EUGENE O. SYKES, Judge.

Dickerson and others, appellants, were plaintiffs in the court below, and Tishomingo county, appellee was defendant there. From a judgment sustaining defendant's demurrer to and dismissing the plaintiffs' petition, plaintiffs appealed to the supreme court.

The plaintiffs, comprising over two-thirds in number of the resident free-holders, and lease-holders for a term of three or more years, of the district concerned, in 1907, presented to the board of supervisors of Tishomingo county a petition asking that seven sections of land in the county should be added to a then existing stock-law district in Itawamba county to which they adjoined. The board of supervisors of Tishomingo county— which had no stock law—disallowed the petition, and plaintiffs appealed to the circuit court. In that court counsel for the defendant county demurred to the petition on the ground that, un-

der the existing statute-law (Code 1906, § 2235), there was no authority for any part of one county to be added to a stock-law district of an adjoining county.

Chapter 17, p. 21, Laws 1897, contains the following provision: "On petition, or if the board shall so direct, on the affirmative vote of two-thirds of the resident free-holders and lease-holders for a term of three years or more, of the county, or of any one or more of the townships, or of any part or parts of a county which are separated by natural boundaries (or any parts of two or more townships, not less than thirty-six square miles), the board of supervisors shall, by order duly entered on its minutes, declare the stock law to be in force in the whole county, or in such township or townships, part or parts of the county. Upon like proceedings, any part of a county, whether less than a township of not, may be added to any stock law district hereto-fore or hereafter established."

Chapter 124, p. 164, Laws 1900, amends Laws 1897, by adding "whether in the same or an adjoining county" at the end of the clause above set out.

Code 1906, § 2235, omits the clause "whether in the same or an adjoining county," but otherwise re-enacts the Laws of 1897.

*L. E. Sawyer* and *J. A. E. Pyle*, for appellants.

The sole question on appeal is, whether a proposed stock-law district in one county adjacent to the existing stock-law district of another adjoining county can be added to this adjacent district. While the act of 1897, ch. 17, p. 21, in relation to the stock-law, does not contain the words, "whether in the same or an adjoining county," the amendment thereto, act of 1900, ch. 124, p. 164, does contain them. Now Code 1906, § 2235, after reciting other things, says, "also any part of a county, whether less than a township or not, may without the intervention of a petition be added to any stock-law district heretofore or hereafter established, whether marked by natural boundaries or not; provided the same be surrounded or partly surrounded by territory heretofore or hereafter declared to be under the stock-law."

Certainly the language of the code section quoted refers to a stock-law district already established, whether in the same, or in an adjoining, county.

It is true that Code 1906, § 2235, does not contain the words, "whether in the same or an adjoining county," as written in act 1900, ch. 124. But after the decision of this court in *Shaw* v. *Woffard,* 82 Miss., 143, 34 South., 329, anterior to the formulation of the Code of 1906, there was no longer necessity for any expression of authority in the statute-law for the board of supervisors of a county to exercise jurisdiction over an adjoining county district, hence it was idle for the formulators of the code to retain the parenthetical expression, "whether in the same or an adjoining county." Consequently it was left out of the code section mentioned.

Under Code 1906, § 2240, boards of supervisors of counties having no stock-law district are bound to take cognizance of stock-law districts adjoining in adjacent counties. There is no reason why the language of Code 1906, § 2235, "any stock-law district heretofore or hereafter established," should not be taken exactly as it is written.

*J. M. Boone,* for appellee.

This court, in *Shaw* v. *Woffard,* 82 Miss., 143, 34 South., 329, held that under the act of 1900, ch. 124, p. 164, empowering them so to do, the board of supervisors of a county may create a stock-law district less in area than a township, if the territory thereof be adjoining and contiguous to a pre-existing district in the same or an adjoining county. This right was founded expressly upon the provisions of the act of 1900. Code 1906, § 2235, differs from the act of 1900 mentioned, in that the code section does not contain the clause, "whether in the same or adjoining county." Hence, as the act of 1900 was superseded by Code 1906, § 2235, the action of the lower court, in affirming the action of the board of supervisors, was correct.

In *Shaw* v. *Woffard, supra,* the court placed the right solely upon the ground that the act of 1900 expressly provided that one

proposed district in one county could after due proceedings, be attached to an adjoining county's stock-law district; and clearly pointed out the difference between the act of 1900 and the act of 1897. The contention of the appellants that the words of Code 1906, § 2235, "heretofore or hereinafter established" confer the right to the stock law, whether in the same or in an adjoining county, is not sound, for the reason that the same expression was contained in the act of 1897, ch. 17, p. 21, where we find the same language as contained in Code 1906, § 2235, to-wit, "upon like proceedings any part of a county, whether less than a township or not, may be added to any stock-law district heretofore or hereaftes established;" and this court in *Shaw* v. *Woffard, supra,* recognized the difference between the acts of 1900 and 1897. Now, with this decision before it, the legislature, in adopting Code 1906, § 2235, omitted the words," whether in the same or an adjoining county," thereby expressly demonstrating that the legislature did not intend to give one county the right to create a stock-law district by attaching a few sections of land to the existing stock-law district of an adjoining county.

The phrase, "heretofore or hereafter established," in Code 1906, § 2235, is no stronger, in that code section, than the same phrase is, in the act of 1897. And this court held that under the act of 1897 no authority existed for attaching a district to that of an adjoining county.

The omission of the words, "whether in the same or an adjoining county," in Code 1906, § 2235, clearly indicates that the legislature, after consideration of the act of 1900, and with the decision in *Shaw* v. *Woffard, supra,* before it, intended to withdraw from the board of supervisors the authority of adding a district in one county to a district adjoining in an adjacent county.

CALHOON, J., delivered the opinion of the court.

The statute laws 1897, p. 21, c. 17, in relation to the stock law, does not contain the words "whether in the same or an adjoining

county." The amendment (Laws 1900, p. 164, c. 124), does not contain them. Code 1906, § 2235, leaves them out. It follows, in our view, that the board of supervisors of Tishomingo county, which has no stock law, did right in refusing to tack the seven sections of land in its boundaries to a stock law district in the adjoining county of Ittawamba. *Shaw* v. *Woffard,* 82 Miss., 143, 34 South., 329.

*Affirmed.*