THE STATE OF FLORIDA *ex rel.* D. W. PURVIS *et al., Relators* v. HON. B. H. PALMER, Circuit Judge, *Respondent.*

1. The statutory authority and discretion of the Circuit Judge to determine the amount and condition of a supersedeas bond where the decree is in whole or in part other than a money decree will not be controlled by mandamus.

2. An ordinary real estate mortgage foreclosure proceeding is in part at least other than a money decree within the meaning of the statutes regulating supersedeas bonds.

This case was decided by the court En Banc.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for Relators.

WHITFIELD, C. J.—This is an application for a writ of mandamus to require a Circuit Judge to fix the amount and condition of a supersedeas bond in an appeal from a final decree in a real estate mortgage foreclosure proceeding. The right and procedure to secure a supersedeas of a judgment or decree are purely statutory, and the statutes must be pursued.

Sections 1701 and 1909 of the General Statutes provide that every writ of error shall operate as a supersedeas if sued out during the session of the court at which the judgment was rendered, or within thirty days thereafter, if, within said time the plaintiff in error shall give the required bond to be approved by the judge or clerk of the court below, &c., and that if the judgment be a money judgment against the plaintiff in error the bond shall be "in a sum sufficient to cover the amount for which the judgment was given together with costs, conditioned to pay the amount of the judgment with interest and costs, if the same shall be affirmed by the appellate court, but if the judgment is in whole or in part other than a money judgment, the amount and condition of the bond shall be determined by the court below. No writ of error except as above shall operate as a supersedeas unless by special order of the appellate court or some judge thereof, made upon inspecting a copy of the record,

and upon the plaintiff in error paying the costs and filing the bond required in the preceding paragraph." "No appeal from a final decree shall operate as a supersedeas unless the said appeal shall be taken within the time fixed by law for taking a writ of error operating as of course as a supersedeas, or if not taken within that time, unless one of the judges of the Supreme Court, by order, direct the said appeal to operate as a supersedeas. In any event bond and security shall be given as provided in cases of writs of error."

Under these statutes the amount and condition of the bond to be given to supersede a purely money judgment or decree are fixed by the statute. In an ordinary real estate mortgage foreclosure proceeding as in this case the final decree is at least in part other than a money decree; and under the statute the amount and condition of the bond must be determined by the trial court whether the appeal be entered within thirty days after the decree is rendered or upon a supersedeas order made by the Supreme Court or a justice thereof upon an inspection of a copy of the record based upon an appeal entered after thirty days from the rendering of the decree.

The petition alleges that the trial judge "erroneously conceived and held the said decree to be solely and only a money judgment in the meaning of the statute in such cases made and provided, and insisted upon such an amount of such bond as would secure the payment of the said decree as being in whole a money judgment, and named the amount thereof as being the sum of $1,500.00 for the purpose aforesaid," and that the action of the judge "is contrary to law and oppressive to your petitioners."

From these allegations it appears affirmatively that the judge has fixed the amount of the bond and inferentially that he has also determined the condition of the

bond. The statutory authority and discretion of the trial judge in fixing the amount and condition of the bond will not be controlled by mandamus. When the trial court makes an erroneous order it may be reviewed by the appellate court by proper motion. See Wheeler & Wilson Manuf'g Co., v. Johns, 37 Fla. 262, 20 South. Rep. 236. The decree is for $1,252.82, and in fixing the amount of the bond at $1,500.00 there is no apparent abuse of statutory authority. The mere statement that the bond required is oppressive is not sufficient to show abuse of authority in the absence of allegations of fact to sustain the statement. See Hathcock v. Societe Anonyme, La Floridienne, J. Buttgenbach & Co. *et al.*, 54 Fla. 522, 45 South. Rep. 22.

An allegation that the trial judge erroneously conceives the decree to be solely and only a money judgment is immaterial if the amount and condition of the bond have been determined by the judge.

The petition for mandamus is denied.

All concur.