ROBERT G. HOLGATE AND HELEN J. HOLGATE, HIS WIFE; J. T. VICKERY AND HELEN E. VICKERY, HIS WIFE, AND C. E. CHENEVERT, A SINGLE MAN, *Appellants,* v. F. A. P. JONES, *Appellee.*

En Banc.

Opinion Filed February 15, 1927.

1. An ordinary real estate mortgage foreclosure proceeding is in part at least other than a money decree, within the meaning of the statutes regulating supersedeas bonds.

2. The authority conferred by statute upon the Circuit Judge to fix by order the amount and conditions of a supersedeas bond, will not be interfered with by the Appellate Court

unless the order as made involves illegality or an abuse of judicial discretion that causes substantial injury or injustice to the complaining party.

3. Where an appeal is taken from a decree adjudging the foreclosure of a mortgage, before a sale of the property and before a deficiency is shown, the Circuit Judge in fixing the amount and condition of a supersedeas bond, should not make one of the conditions the payment of a definciency in case the property is found to be insufficient to pay the debt; such erroneous conditions may be regarded as surplusage.

4. Where a foreclosure decree is for $108,656.25, and $6,000.00 solicitors fees, an order of the Circuit Judge fixing the amount of a supersedeas bond at $25,000.00 is not an abuse of discretion.

Motion to vacate denied.

*John M. Murrell,* for Appellants;

*R. F. Burdine* and *Edward E. Fleming,* for Appellee.

WHITFIELD, J.—In proceeding to foreclose a purchase money mortgage, the Court rendered a decree for the complainant in the sum of $108,566.25 and $6,000.00 solicitors' fees, and ordered a sale of the property if the amounts be not paid. The Court made the following order:

"This cause coming on to be heard upon the motion of the defendants for an order of supersedeas from the final decree entered in this cause by the Hon. A. V. Long, on January 21st, 1927, and it appearing to the Court that notice of appeal from said final decree to the Supreme Court has been duly filed by the said defendants, and the Court being duly advised in the premises,

"IT IS ORDERED, ADJUDGED AND DECREED that the said appeal in said cause do operate as a supersedeas upon the defendants, Robert G. Holgate, J. T.

Vickery and C. E. Chenevert, executing and filing in the office of the Clerk of the Circuit Court of this County their joint and several bond in the sum of Twenty-five Thousand ($25,000.00) Dollars with good and sufficient sureties, payable to the complainant, F. A. P. Jones, said bond to be approved by the Judge or the Clerk of this Court, and conditioned that if the said appeal shall be dismissed, or said case be affirmed by the Supreme Court, and the property described in said final decree be sold under said decree and shall realize at such sale a sum less than the amount due under said decree that then the said defendants, Robert G. Holgate, J. T. Vickery and C. E. Chenevert, shall pay to said F. A. P. Jones, his heirs or personal representatives, the amount of such deficiency, not exceeding said sum of Twenty-five Thousand ($25,-000.00) Dollars, together with all costs, damages and expenses the appellee may sustain if said cause shall be affirmed.''

Appellants, alleging that the order of the Circuit Judge fixing the amount of the supersedeas bond is a gross abuse of discretion as to the amount and is erroneous as to the conditions fixed for the bond, move here for order vacating and setting aside the order of the Circuit Judge and directing that a proper order be made ''in a reasonable and proper amount, and under conditions in accordance with law.''

The statutes provide:  ·

''No appeal from a final decree shall operate as a supersedeas unless said appeal be taken within the time fixed by law for taking a writ of error operating; as of course, as a supersedeas; or, if not taken within that time, unless one of the Justices of the Supreme Court shall, by order, direct the said appeal to operate as a supersedeas. In any event, bond and security shall be given as provided for in

cases of writs of error. No supersedeas on appeal from any such decree granting or dissolving an injunction shall have the effect to suspend or modify the decree appealed from unless the Supreme Court, or a Justice thereof, shall make an order for the suspension or modification of the decree upon the terms and conditions as to bond and security.

"No appeal from any interlocutory decision, judgment or decree of a Circuit Court sitting as a court of equity shall operate as a supersedeas unless the Judge of the Circuit Court or a Justice of the Supreme Court shall, on an inspection of the record, order and direct a stay of proceedings. No appeal so allowed shall operate as a supersedeas, except on the conditions prescribed by law in cases of appeal from final decrees. No supersedeas on an appeal from any such decision, judgment or decree granting or dissolving an injunction shall have the effect to suspend or modify the decision, judgment or decree appealed from, unless the Supreme Court or a Justice thereof shall make an order for the suspension or modification of the order appealed from during the pendency of the appeal on like terms as to bond and security." Sec. 3170, Revised General Statutes, 1920.

"Every writ of error shall operate as a supersedeas if sued out during the session of court at which the judgment was rendered, or within thirty days thereafter, if, within said time, the plaintiff in error, if he be the plaintiff in the court below, shall have paid all costs which may have accrued in and about said suit up to the time when the writ shall be issued, and shall have filed a bond payable to the defendant, with two good and sufficient obligors, to be approved by the judge or clerk of the court below, in a sum sufficient to cover all costs which may accrue in the prosecution of the writ, conditioned to pay the said costs if the judgment of the court below shall be

affirmed; or if he be a party in the court below against whom a judgment has been given, shall have filed a bond payable to the adverse party with like obligors and approved in like manner as the bond hereinbefore required of the plaintiff, and if the judgment be a money judgment, in a sum sufficient to cover the amount for which the judgment was given, together with costs, conditioned to pay the amount of the judgment with interest and costs, if the same shall be affirmed by the Appellate Court, but if the judgment is in whole or in part other than a money judgment, the amount and condition of the bond shall be determined by the court below.

"No writ of error except as above shall operate as a supersedeas unless by the special order of the Appellate Court or some judge thereof made upon inspecting a copy of the record, and upon the plaintiff in error paying the costs and filing the bond required in the preceding paragraph. When such order is made and security given as aforesaid, the clerk, or the judge if there be no clerk, shall endorse on such writ of error that it shall be a supersedeas; and the said writ and endorsement shall be obeyed as such, suspending all further proceedings in relation to said judgment, in and by the officers of the said court below." Sec. 2911, Revised General Statutes, 1920.

An ordinary real estate mortgage foreclosure proceeding is in part at least other than a money decree, within the meaning of the statutes regulating supersedeas bonds. State *ex rel.* Purvis v. Palmer, 57 Fla. 541, 48 South. Rep. 638.

In the case last cited it is said: "When the trial court makes an erroneous order it may be reviewed by the Appellate Court by proper motion. See Wheeler & Wilson Mfg. Co. v. Johns, 37 Fla. 262, 20 South. 236. The decree is for $1,252.82, and in fixing the amount of the bond at

$1,500 there is no apparent abuse of statutory authority. The mere statement that the bond required is oppressive is not sufficient to show abuse of authority, in the absence of allegations of fact to sustain the statement. See Hathcock v. Societe Anonyme La Floridienne, J. Buttgenbach & Co. *et al.*, 54 Fla. 522, 45 South 22.''

Where the judgment is in whole or in part other than a money judgment, the amount and condition of a supersedeas bond must be determined by the court below; and the action of that court in fixing the amount of such bond will be held to be conclusive, unless it be made to appear that a fraud, or that which is tantamount thereto, was practiced upon the court when the amount of the bond was fixed, or that there has been such a change in the existing condition of affairs or in the circumstances of the case, or of the parties, or in the condition of the property involved, that the amount of the bond as fixed by the court is not sufficient to protect the appellee in the event his judgment be affirmed. Hathcock v. Societe Anonyme La Floridienne, 54 Fla. 522, 45 South. Rep. 22; Edgerton v. West, 38 Fla. 338, 21 South. Rep. 278; Palmer v. Palmer, 41 Fla. 184, 26 South. Rep. 640.

The authority conferred by statute upon the Circuit Judge to fix by order the amount and conditions of a supersedeas bond, will not be interfered with by the Appellate Court unless the order as made involves illegality or an abuse of judicial discretion that causes substantial injury or injustice to the complaining party.

When the appeal was taken the property had not been sold under the decree and no deficiency had been shown or decreed in the cause, and the order of the Circuit Judge fixing the amount and condition of the supersedeas bond herein should not have prescribed the payment of a contemplated deficiency as one of the conditions of the supersedeas

bond. The condition that the obligors of the bond shall pay "all costs, damages and expenses the appellee may sustain if the said cause (decree) shall be affrimed" or dismissed, would be sufficient to cover any legally provable damages that may be sustained by the appellee because of the appeal and supersedeas. The Circuit Judge, however, has power under the statute to prescribe any other legal conditions for a supersedeas bond that would be appropriate for the protection of the rights of the appellee in the premises. The amount of the bond, $25,000.00, as fixed by the order, in view of the decree for $108,656.25 and $6,000.00 solicitors' fees, is obviously not excessive, particularly in view of the averments of the answer that the present value of the property is greatly less than the amount of the decree.

The inclusion of the provision in the order that one of the conditions of the bond shall be the payment of a deficiency, should the property sell for less than the amount of the decree, while not warranted by the statutes, and may be regarded as eliminated, does not destroy the efficacy of the order. The Circuit Judge may if he so determines redraft the order and prescribe appropriate conditions for a supersedeas bond in the cause.

The motion to vacate and set aside the order of the Circuit Judge is denied.

ELLIS, C. J., AND STRUM, BROWN AND BUFORD, J. J., concur.