GUS' BATHS, INC., *et al.,* v. ELLA MURRAY LIGHTBOWN, *et vir.*

160 So. 370.
Division B.
Opinion Filed March 20, 1935.

E. M. *Baynes,* for Plaintiff in Error;

*Gedney, Johnston & Lilienthal,* for Defendants in Error.

BUFORD, J.—This case is before us to review the judgment of the Circuit Court entered in favor of the plaintiff on the first count of an amended declaration after demurrer was overruled as to this count of the declaration and default entered against the defendant.

The count of the declaration was as follows:

"On the 18th day of May, A. D. 1929, the plaintiffs, Ella Murray Lightbown and Cooper C. Lightbown, her husband, obtained a final decree of foreclosure in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, in a certain cause therein pending wherein said plaintiffs, Ella Murray Lightbown and Cooper C. Lightbown, her husband, were complainants and the defendant, Gus' Baths Inc., a Florida Corporation, and William A. Neuland were defendants, which decree in effect ordered the defendant Gus' Baths, Inc., to pay to the plaintiff certain sums of money or in default of such payment certain property in said decree described to be sold at public auction to satisfy said decree. A copy of said decree is attached to the original declaration and marked Plaintiffs' Exhibit 'A' and is made a part hereof for all purposes as if set forth herein *in haec verba*. That the defendant, Gus' Baths, Inc., entered its appeal from said decree in said court to the Supreme Court of Florida on May 25, A. D. 1929, and made application to said Circuit Court for a supersedeas, and the same was granted by order of said Circuit Court on May 28, A. D. 1929, upon the condition that the defendant, Gus' Baths, Inc., execute and file with the Clerk of said Circuit Court a bond with two good and sufficient sureties, or a surety company authorized to do business in Florida, in the sum of fifteen thousand dollars ($15,000.00) payable to the plaintiffs jointly and severally, same to be approved by the Judge or Clerk of said Circuit Court and conditioned for the payment of all taxes and insurance that may become due and payable or accrue pending the appeal of said cause to the Supreme Court of Florida, together with all costs and damages which may be sustained by the plaintiffs, or either of them, if said appeal

shall be dismissed or said cause affirmed by said Supreme Court.

"That on June 13, A. D. 1929, the defendant, Gus' Baths, Inc., as principal, and the defendants, Charles Manning and A. J. Diamon, as sureties, made, executed and delivered an appeal or supersedeas bond to the Clerk of said Circuit Court, conditioned that if the said Gus' Baths, Inc., a corporation, as appellant, shall well and truly pay unto the said Ella Murray Lightbown and Cooper C. Lightbown, her husband, all the costs, damages and expenses which may be sustained by said plaintiffs, Ella Murray Lightbown and Cooper C. Lightbown, her husband, or either of them, on account of said appeal, and shall pay all taxes and insurance that may become due and payable or accrue pending the appeal of said foreclosure if the said appeal should be dismissed or said decree appealed from be confirmed by the Supreme Court then said bond to be null and void, otherwise to remain in full force and effect. A photostatic certified copy of said bond is attached to the original declaration and marked plaintiffs' 'Exhibit B' and is made a part hereof for all purposes as if set forth herein *in haec verba.*

"That said bond was approved by the Clerk of said Circuit Court and thereupon all proceedings in said cause were superseded and stayed pending said appeal.

"That the Supreme Court of Florida on, to-wit, March 23rd, A. D. 1931, affirmed or confirmed the decree of said Circuit Court in said cause, and the defendant, Gus' Baths, Inc., filed its petition for rehearing in said Supreme Court which petition was denied on the 29th day of May, A. D. 1931, and the mandate of said Supreme Court was handed down to the said Circuit Court on the 4th day of June, A. D. 1931.

"That pursuant to the terms of the final decree in said

foreclosure said property was offered for sale on the Rule Day in July, A. D. 1931, and the same was bid in by the plaintiff, Ella Murray Lightbown, for twenty-five thousand dollars ($25,000.00), but said sale was never confirmed, due to proceedings foreclosing superior mortgages. That said mortgage foreclosed by the plaintiffs herein was a third mortgage subject to two mortgages held by Palm Beach Company, a Florida corporation. That said Palm Beach Company foreclosed its first and second mortgages and pursuant to decree said property was offered for sale on the Rule Day in September, A. D. 1931, and was bid in by said Palm Beach Company for the sum of one hundred thousand dollars ($100,000.00); that said sum was considerably less than the amount found to be due said Palm Beach Company under and by virtue of its said first and second mortgages.

"That after the sale of said property to said Palm Beach Company plaintiffs applied for a deficiency decree and received one for twenty-five thousand dollars ($25,000.00) against the defendant, Gus' Baths, Inc. That plaintiffs never had an opportunity to take possession of said property under the foreclosure of said third mortgage, and they never received any portion of the amount found to be due them under and by virtue of said final decree of foreclosure or under said deficiency decree, except the sum of three thousand fifty-two dollars fifty cents ($3,052.50) tendered into court by said defendant, Gus' Baths, Inc., in said foreclosure proceedings, and the further sum of one thousand dollars ($1,000.00) obtained under and by virtue of execution issued pursuant to said deficiency decree.

"That the defendant, Gus' Baths, Inc., has not paid the taxes that become due and payable or accrued pending the appeal of said cause on the property involved in said fore-

closure, to-wit, State and county taxes for the years 1927, 1928, 1929, 1930, and the accrued portion of Town of Palm Beach taxes for the year 1931 to June 4, 1931."

This ground of the amended declaration was further amended by adding the following:

"That the defendant, Gus' Baths, Inc., remained in possession of the property involved in said foreclosure proceeding and had exclusive possession and control of said property at all times pending the appeal of said foreclosure proceedings by the defendant, Gus' Baths, Inc., and collected all the rentals and income from said property until such property was purchased under said foreclosure by Palm Beach Company on the Rule Day in September, 1931."

The condition of the bond referred to in the declaration was as follows:

"Now, THEREFORE, in accordance with the said Order of the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, fixing the amount and condition of said supersedeas bond, if the said Gus' Bath, Inc., a corporation, as appellant, shall well and truly pay unto the said Ella Murray Lightbown and Cooper C. Lightbown, her husband, all the costs, damages and expenses, which may be sustained by the said complainants, Ella Murray Lightbown and Cooper C. Lightbown, her husband, or either of them, on account of this appeal, and shall pay all taxes and insurance that may become due and payable or accrue pending the appeal of this case, if the said appeal shall be dismissed or said decree appealed from be confirmed by the Supreme Court, then this obligation to be null and void, otherwise to remain in full force and effect."

Now there could be no obligation resting upon the principal and surety of the bond to pay to obligees the taxes

and insurance which accrued on the property involved unless that obligation is brought into existence by the terms and conditions of the bond. The plaintiff here could not recover for a breach of that condition unless it be alleged and shown that by reason of the breach of the condition of the bond the plaintiff was required to pay the taxes and insurance referred to and thereupon became entitled to recovery of a sufficient amount to indemnify plaintiff for such payment, or in the event that the condition of the bond should be construed to mean a binding obligation of the principal and surety to pay to the plaintiff an amount equal to the amount of the taxes and insurance referred to in that condition upon the sole contingency that "the appeal shall be dismissed or said decree appealed from be confirmed by the Supreme Court." The allegations of the declaration are not sufficient to show a liability or to state a cause of action upon the ground that the plaintiff had been required to pay the taxes and insurance and was entitled to indemnity for the amount thereof from the defendants.

In Royal Phosphate Co. v. Van Ness, *et al.,* 53 Fla. 135, 43 Sou. 916, this Court said:

"On an assignment of error based upon the overruling of a demurrer, the plaintiff in error will be confined to the grounds stated in the demurrer and argued in the appellate court, and no other grounds will be considered, unless there is an omission in the declaration of allegations of substantive facts which are essential to a right of action, so that the declaration wholly fails to state a cause of action. See Atlantic Coast Line R. R. Co. v. Crosby, decided at the present term, and authorities there cited, especially Florida Cent. & P. R. R. Co. v. Ashmore, 43 Fla. 272, text 280, 32 South. Rep. 832, text 835, and concurring opinion in

Atlantic Coast Line R. R. Co. v. Benedict Pineapple Co., 52 Fla. 165, 42 South. Rep. 530.

"Applying these principles in the instant case we find that the declaration is so fatally defective as to show no cause of action against or liability upon the part of the defendants to the plaintiffs. No cost, or damage, or expense incurred by the plaintiffs by reason of the improper suing out of the injunction is set forth in the declaration. As the defect in the declaration was one of substance the proper method of attack was by demurrer. See Camp & Bros. v. Hall, 39 Fla. 535, 22 South. Rep. 792."

In Milligan v. Keyser, et al., 52 Fla. 331, 42 Sou. 367, it was said:

"A declaration in an action at law should allege distinctly every fact that is essential to the plaintiff's right of action. South Florida Tel. Co. v. Maloney, 34 Fla. 338, 16 South. Rep. 280; Savannah F. & W. R. Co. v. Willett, 43 Fla. 311, 31 South. Rep. 246; Bennett v. Herring, 1 Fla. 387."

Applying the same rule to the case here, we must hold that the count of the declaration involved fails to show by its allegations that the plaintiff was entitled to recover an amount equal to the amount of taxes and costs as indemnity for such sums paid out by the plaintiff.

We then come to the consideration of the question as to whether or not the condition of the bond referred to may be construed as a legal and binding condition requiring the defendants to pay to the plaintiff an amount equal to the amount of such taxes and insurance solely upon the ground that the decree of the lower court in the case in which the supersedeas bond was posted was affirmed by the Supreme Court. To so construe the condition we must hold that it required the defendants to pay to the plaintiff a certain

sum of money if and when the decree of the lower court appealed from should be confirmed by the Supreme Court.

In the case of Holgate v. Jones, 93 Fla. 269, 111 Sou. 626, in an opinion written by Mr. Justice WHITFIELD, we said:

"The authority conferred by statute upon the Circuit Judge to fix by order the amount and conditions of a supersedeas bond will not be interfered with by the Appellate Court unless the order as made involves illegality or an abuse of judicial discretion that causes substantial injury or injustice to the complaining party.

"When the appeal was taken the property had not been sold under the decree and no deficiency had been shown or decreed in the cause, and the order of the Circuit Judge fixing the amount and condition of the supersedeas bond herein should not have prescribed the payment of a contemplated deficiency as one of the conditions of the supersedeas bond. The condition that obligors of the bond shall pay 'all costs, damages and expenses the appellee may sustain if the said cause (decree) shall be affirmed' or dismissed would be sufficient to cover any legally provable damages that may be sustained by the appellee because of the appeal and supersedeas. The Circuit Judge, however, has power under the statute to prescribe any other legal conditions for a supersedeas bond that would be appropriate for the protection of the rights of the appellee in the premises. The amount of the bond, $25,000.00 as fixed by the order, in view of the decree for $108,656.25 and $6,000.00 solicitor's fees, is obviously not excessive particularly in view of the averments of the answer that the present value of the property is greatly less than the amount of the decree. The inclusion of the provision in the order that one of the conditions of the bond shall be the payment

of a deficiency, should the property sell for less than the amount of the decree, while not warranted by the statutes, and may be regarded as eliminated, does not destroy the efficacy of the order."

See also Carr & Carr v. Marion Mortgage Co., 99 Fla. 807, 126 Sou. 776, and cases there cited.

As we construe the bond, however, the condition is not to pay Ella Murray Lightbown and Cooper C. Lightbown, her husband, the amount of all taxes and insurance that may become due and payable or accrue pending the appeal in this case. The condition of the bond was that the appellant "shall well and duly pay unto the said Ella Murray Lightbown and Cooper C. Lightbown, her husband, all costs, damages and expenses which may be sustained by the said complainants, Ella Murray Lightbown and Cooper C. Lightbown, her husband, or either of them, on account of this appeal."

Then there was the further condition "and shall pay all taxes and insurance that may become due and payable or accrue pending the appeal of this case if the said appeal shall be dismissed or said decree appealed from be confirmed by the Supreme Court." Now certainly no taxes could accrue in favor of the complainants. Neither would any taxes become due and payable to the complainants, unless complainants paid those taxes to the taxing authorities. This condition of the bond to pay the taxes and insurance was a condition upon which the supersedeas should become and remain effective and if the taxes and insurance were not paid the breach of that condition would have warranted the application to and order by the Court to vacate the supersedeas because of such breach.

If we should construe this latter condition of the bond to be an obligation to pay the amount of taxes and insur-

ance to the complainants in the event the appeal should be dismissed or the decree appealed from be confirmed by the Supreme Court, then it would be of the same force and effect as if it had provided in terms that the obligors "shall pay to the obligees the sum of $11,054.66, together with the costs in the sum of $14.90 (which was the amount found in the final decree to be the sum of the items of taxes and interests thereon, which had not been paid in accordance with the terms of the bond) "if the said appeal shall be dismissed or the said decree appealed from be confirmed by the Supreme Court." And so construed, it could have no more legal force and effect than did that provision in the bond in the case of Holgate v. Jones, *supra,* which purported to require the obligors to pay any deficiency judgment that might be obtained in that cause. If the Circuit Judge in fixing the conditions of a supersedeas bond may not require as a condition of the supersedeas bond that the obligors pay whatever deficiency decree may be adjudicated in the cause, then it follows that such Judge may not make it a condition of such bond that the obligors pay any part of such deficiency.

In the count of the declaration which we have under consideration there was no claim for any other element of damages except that damage which accrued to the plaintiff under this particular condition and covenant of the supersedeas bond. Therefore, that count of the declaration is insufficient to state a cause of action on proof of which the plaintiff is entitled to recover.

If the allegations of the declaration were sufficient to show that the plaintiffs suffered loss by reason of the accruing of the tax burden on the property, perhaps that would, to some extent, cure the infirmity of the pleading, but here the declaration shows that other parties, not parties

to this suit, held superior liens on the property which liens were not satisfied by sale of the property under foreclosure decree and, *non constat,* such superior lienholders are the only persons damaged by the accruing burdens on the property pending the successful appeal.

It appears to us to be elementary that if a declaration states no cause of action, no claim for damages upon which the plaintiff may recover judgment, then the declaration should fall before demurrer. It follows that the order overruling demurrer to this count of the declaration constituted error for which the judgment should be reversed.

Other questions are presented by the assignments of error and briefs but as the disposition of the question herein discussed disposes of the case, it is unnecessary to discuss those other questions.

Judgment reversed.

So ordered.

WHITFIELD, C. J., and ELLIS, TERRELL and BROWN, J. J., concur.

DAVIS, J., concurs specially.

DAVIS, J. (concurring specially).—I concur solely on the question concerning the interpretation of the supersedeas bond itself as importing no obligation *per se* to pay to plaintiffs below the amount of all taxes and insurance, etc. Thus no breach of the bond *to the damage of plaintiff* is shown by the declaration, whatever damage there was being purely nominal and within the rule *de minimes lex non curat"* which rule is peculiarly applicable to suits on bonds wherein it appears that no substantial damage has been sustained. See Mortz v. United States (Gold clause case decided Feb. 18, 1895) 35 Sup. Ct. Rep. 428.

I dissent from the view that a supersedeas order and bond can be collaterally attacked in a suit on the bond itself.

Holgate v. Jones, 93 Fla. 269, cited in the majority opinion, was a direct, not a collateral attack, on the supersedeas order there involved. I think that where a supersedeas bond is actually given, no matter how unreasonable or involved the order was that fixed its terms and conditions, it is enforceable at law according to its tenor, and that no defense can be predicated on some supposed invalidity or unreasonableness in the supersedeas order. Even a bond given under an unconstitutional statute can be enforced under certain conditions. 108 Am. St. Rep. 629 and note.