PER CURIAM.
This case is before the Court on appel-lees’ motion to vacate and set aside the order entered by the trial court granting supersedeas, or in the alternative to require the amount of supersedeas to be increased.
This appeal is from a final decree entered in a suit for declaratory relief brought by appellees pursuant to F.S. Chapter 87, F. S.A. By their complaint appellees pray for a judicial declaration of their rights and obligations, as well as the rights and obligations of appellant, under an operating agreement entered into between the parties on December 1, 1947. The controversy concerns a dispute which has arisen between the parties with respect to the manner in which certain costs of handling mail by the Jacksonville Terminal Company shall be allocated to and paid by the tenant railway companies utilizing the facilities of the terminal company. The terminal company is a service organization whose capital stock is owned by the *216 parties to this cause, and whose services are utilized by them. The complaint alleges that the cost of mail handling should he allocated and paid in accordance with the provisions of a certain designated paragraph of the operating agreement, whereas appellant, by its answer, contends that such costs should be calculated and paid in accordance with the provisions of a different paragraph of the agreement. Ap-pellees contend by their suit that if the issue before the court is resolved in the manner contended for by them, appellant is indebted to Jacksonville Terminal Company in an amount stated in the complaint. Appellant, by its answer, contends that if the issue is resolved as urged by it, then it has overpaid the amount of its pro rata costs and the terminal company is indebted to it in an amount stated in its answer.
By the final decree entered herein the chancellor held in accordance with the contentions of appellees and found that appellant is indebted to the terminal company in the sum of $348,465.19, together with costs.
Appellant has appealed the final decree and brought before us for our review not only the correctness of the construction placed upon the operating agreement by the chancellor regarding the manner in which the costs of handling mail should be allocated to and paid by the participating tenants of the terminal company, but also the validity of the money judgment rendered against appellant in favor of the terminal company.[1] On motion of appellant the chancellor entered a super-sedeas order in which it was decreed that this appeal shall operate as a supersedeas of the final decree, and a stay of further proceedings in the cause, if appellant shall furnish a bond in the penal sum of $25,000.-00 payable to appellees and conditioned upon payment of all costs of the appeal, interest on the money judgment and all other damages which may be sustained by appel-lees as a result of taking the appeal in the event it is dismissed or the decree affirmed. The bond called for in the supersedeas order has been furnished by appellant.
Appellees have moved this Court to set aside the supersedeas order entered by the chancellor and direct that a bond in an appropriate amount be ordered in the event appellant elects to supersede the decree appealed. It is appellees’ contention that the decree appealed is for the recovery of money not otherwise secured which may be superseded only by compliance with Rule 5.7, F.A.R., 31 F.S.A., which provides as follows :
“BOND WHEN JUDGMENT IS FOR RECOVERY OF MONEY NOT SECURED
“When the decision, judgment, order or decree requires or provides unconditionally for the payment or recovery of money, the bond shall be conditioned to satisfy the judgment or decree or any modification not increasing the amount thereof, in full, including costs, interest (if chargeable), and damages for delay, in event the appeal be dismissed or the judgment, order or decree is affirmed.”
It is appellant’s contention that since the declaratory feature of the decree construing the operating agreement between the parties, and their rights and obligations thereunder, is prospective in its application the decree is one in part other than for payment of money, and on appeal may be superseded by complying with the requirements of Rule 5.9, F.A.R., which provides as follows:
“BOND WHEN JUDGMENT IS OTHER THAN FOR MONEY
“If the decision, judgment, order or decree is in whole or in part other than a money judgment, order or decree, the elements to be considered in fixing the amount and conditions of the bond shall be the cost of the action, cost of *217 the appeal, interest (if chargeable), damages for delay, use, detention, and depreciation of any property involved.”
It is our interpretation of the foregoing rules that even though the final decree appealed does contain provisions rendering it in part other than a money decree, that it nonetheless contains a judgment for the recovery of money not otherwise secured, and may be superseded only by compliance with the requirements of Rule 5.7, F.A.R., quoted above. The supersedeas order rendered by the chancellor herein on November 13, 1964, is reversed with directions that an appropriate order be entered in accordance with the views set forth herein.
WIGGINTON, Acting C. J., and STURGIS and CARROLL, DONALD K., JJ-, concur.

. De Coningh v. City of Daytona Beach, (Fla.App.1958), 103 So.2d 233.