PEARSON, Chief Judge.
The appellant, Fidelity and Deposit Company of Maryland, is the surety upon a bond made pursuant to an appeal from a final decree foreclosing a mortgage on real property. After an evidentiary hearing the trial court entered judgment for the plaintiff, Atlantic National Bank of Jacksonville, as trustee, for the full amount of the bond, plus interest from the date of demand. The following are the events leading up to the posting of the bond and the present judgment appealed from thereon.
On March 6, 1969, The Atlantic National Bank of Jacksonville obtained a final judgment of foreclosure against South Dade Farms, Inc., in the total amount of $6,-361,671.08. South Dade (not a party to the present appeal) appealed from that judgment. This court entered an order reducing the amount of the supersedeas bond set by the trial court. See Rule 5.10, Florida Appellate Rules, 32 F.S.A. Pursuant to that order, South Dade posted a super-sedeas bond. The bond was posted pursuant to Rule 5.8, Florida Appellate Rules:
“When the decision, judgment, order or decree is for the recovery of money otherwise secured, the bond shall be conditioned to pay costs on appeal, interest (if legally chargeable) and damages for delay, together with such other and further conditions as shall be fixed by the lower court. In fixing the amount of such bond, the lower court shall take into consideration the adequacy of the security to cover the costs of appeal, interest and damages for delay.” (Emphasis added.)
The condition of the bond is as follows:
“NOW THEREFORE, if it, the said SOUTH DADE FARMS, INC., Principal herein, shall satisfy any money judgment contained and set forth in said judgment, in full, including costs, interest, and damages for delay, in the event said appeal is dismissed or the said judgment is affirmed, then this obligation shall be null and void, otherwise to remain in full force, effect and virtue.” (Emphasis added.)[1]
The emphasized portion of the condition of the bond is not required by the rule.
This court affirmed the judgment of foreclosure on April 29, 1969, in South Dade Farms, Inc. v. Atlantic National Bank, Fla.App.1969, 222 So.2d 275. The final judgment of foreclosure was in the usual form. It found the amount due the appellee, declared the amount due to be a lien upon the mortgaged property, and ordered that the property should be sold to satisfy the lien unless payment should be made within a time specified. South Dade did not pay the amount found due. The property was sold pursuant to the judgment of foreclosure, the Connecticut Mutual Life Insurance Company being the successful bidder at the sale. The amount due upon the final judgment of foreclosure as of the date of sale was $6,522,302.27. The property sold at public sale by the Clerk for $6,362,000.00, leaving unpaid of the amount found due, $160,302.27.
Fidelity’s response to Atlantic’s petition for a judgment on the bond admitted the execution of the bond but denied Atlantic’s right to recover upon it. Fidelity alleged *738 that the value of the mortgaged property exceeded the price for which it was sold at the judicial sale and that the delay in the enforcement of the judgment, which had been occasioned by the South Dade appeal, had resulted in an appreciation of the real property so that there was in fact no loss. At the evidentiary hearing a deputy clerk of the circuit court testified the daily interest on the total amount due under the final judgment of foreclosure was $1060.-28. Atlantic urged upon the court that it was entitled to a judgment for the full amount of the bond because the daily interest running until the date of sale, plus the attorney’s fee this court awarded it on the prior appeal, exceeded in amount the face amount of the bond. The trial court ruled that Atlantic was “entitled to the interest” and entered judgment for Atlantic on the bond.
Appellant’s first point presents the question of the sufficiency of the evidence presented to the trial judge to establish the damages assessed. As stated above the bond provides: “Principal herein, shall satisfy any money judgment contained and set forth in said judgment, in full, including costs, interest, and damages for delay. * * *» But a reference to Rule 5.8, Florida Appellate Rules, under which the bond was given,[2] shows no requirement that a bond given to supersede a judgment for recovery of money otherwise secured shall include an agreement to pay the judgment.
In Bernstein v. Bernstein, Fla. 1949, 43 So.2d 356, 358, the Supreme Court set out the purpose of a supersedeas bond which was posted to obtain a stay of the sale of real property:
“The purpose of the bond is to protect the party adversely affected against the consequences of the supersedeas or stay, and not against the appeal when the appeal is of right, except when a money judgment or decree is appealed, in which event the bond to be exacted is to pay same. See Section 59.13(3), F.S.1941, F.S.A.”
See also Larson v. Higginbotham, Fla.1953, 66 So.2d 40; Luckhardt v. Pardieck, Fla. App.1962, 142 So.2d 749.
Therefore the question whether this supersedeas bond posted after the final judgment of foreclosure for the purpose of staying 'further proceedings in the mortgage foreclosure action may be held to require the payment of the difference between the amount found due in the final judgment and the amount realized at the foreclosure sale must be answered in the negative. The portion of the bond making satisfaction of a money judgment a condition for discharging the surety must be regarded as surplusage and stricken. See Holgate v. Jones, 93 Fla. 269, 111 So. 626, 628 (1927); cf. Carr v. Marion Mortg. Co., 99 Fla. 807, 126 So. 776, 778 (1930).
The only other point presented urges that the appellee was not entitled to a judgment on the bond because of appellant’s unrefuted testimony that the value of the property had increased during the time the appeal was pending. In effect Fidelity urges that appreciation of real property is to be set off against damages covered by the bond so that if the court should find that the amount bid at the sale plus the appreciation in value is more than the interest and costs which the surety bond was to cover, then there would be no breach of the bond. We find no decided case to support this novel proposition. As pointed out by this court in All Florida Surety Company v. Vann, Fla.App.1961, 128 So.2d 768, 770, “[t]he liability of a surety under a su-persedeas bond is contractual and is to be determined by the provisions of the bond.” Even though appreciation in the value of *739 the land had been established to the trial court’s satisfaction, it still would not have followed that this appreciation would affect the plaintiff-appellee’s right to recover. The bond was not conditioned upon a suffering of overall damages by the plaintiff-appellee but simply was conditioned upon the payment of the costs and interest, “together with damages for delay.”
The record reveals without dispute that the interest on the total amount due under the final judgment of foreclosure plus costs on the prior appeal exceeds the face amount of the bond. The trial court therefore properly entered judgment for appellee in accordance with the “costs and interest” provisions of the bond.
Affirmed.

. This language tracks the form set forth in Rule 7.2(h), Florida Appellate Rules.

. See Luckhardt v. Pardieck, Fla.App.1962, 142 So.2d 749; cf. Florida East Coast R. Co. v. Atlantic Coast Line R. Co., Fla. App.1965, 178 So.2d 215, 217. But see State ex rel. Purvis v. Palmer, 57 Fla. 541, 48 So. 638 (1909) ; Holgate v. Jones, 93 Fla. 269, 111 So. 626, 627 (1927).