JERLES INVESTMENT COMPANY, INC., E. B. LEATHERMAN, Clerk, Circuit Court, Dade County, and S. H. Lester, v. MAE WELLS, also known as LILLIE MAE WELLS, a widow, individually, and together with RICHARD WELLS, JR., as heirs of R. M. Wells, deceased, E. B. MALONE, trading and doing business as Miami Mattress Mfg. Co., and LILLIE MAE WELLS, individually and as guardian for the said Richard Wells, Jr., her son, a minor, and D. C. COLEMAN, as Sheriff of Dade County, Florida, in his capacity as Administrator of the estate of R. M. Wells, deceased.

177 So. 313.

Division A.

Order Filed November 30, 1937.

*Marion E. Sibley* and *Whitfield & Whitfield* (of Tallahassee) for Appellants;

*Knight & Greene* and *Waller & Meginniss,* for Appellees.

TERRELL, J.—This cause came on to be heard on application for Supersedeas and was thoroughly presented by counsel on both sides. The purpose of supersedeas is to preserve the status of the res pending litigation in the Appellate Court. If the record presents a controverted

question for decision material to complainant's right in the res and supersedeas will preserve that right, it should be granted but on the other hand if it is shown that it permits the status of the res out of which the right grows to be changed adversely to complainant's right, it should be denied.

To grant the supersedeas in this case would render moot the question involved in the order appealed from and would materially change the status of the res as affecting the asserted rights of cross complainants in it. Hathaway v. Munroe, 97 Fla. 28, 119 So. 149.

The application is accordingly denied.

It is so ordered.