290 So.2d 71 (1974)
Al KNIPE, Appellant,
v.
June M. KNIPE, Appellee.
No. 73-1002.
District Court of Appeal of Florida, Second District.
February 22, 1974.
Millican & Trawick, Sarasota, for appellant.
Nelson, Stinnett, Surfus, Payne, Hesse & Cyril, Sarasota, for appellee.
MANN, Chief Judge.

ON MOTION FOR MODIFICATION OF SUPERSEDEAS BOND
The appellant seeks reduction of supersedeas bond fixed in the amount of $150,000 on the ground that:
"The final judgment, in addition to the items set forth in paragraph 3, awarded alimony, an award of alimony not being a money judgment, and, therefore, is a decision, judgment, order or decree which is in whole other than a money judgment."
The judgment appealed from awarded the appellee $15,000 per year periodic alimony, $6,000 child support, plus lump sum alimony of $137,000. The husband is said to have an income of approximately $35,900 per year, liquid assets of $205,000 in stock in a closely held corporation with shareholder equity of $478,350. The appellant cites no authority for the proposition that a judgment ordering him to pay $137,000 lump sum alimony is not a "money judgment." He apparently makes no claim that the order is unreasonable under Rule 5.10, F.A.R., 32 F.S.A., and certainly it does not appear to be on its face if the judgment is a money judgment. We think it is. The appellant travels on the assumption that Rule 5.9, F.A.R., governs this case. We think that Rule 5.7, F.A.R., governs.
There is a minor ambiguity because Rule 5.9 does state that:
"If the decision, judgment, order or decree is in whole or in part other than a money judgment, order or decree, the elements to be considered in fixing the amount and conditions of the bond shall be the cost of the action, cost of the appeal, interest (if chargeable), damages for delay, use, detention, and depreciation of any property involved."
*72 Rule 5.7, on the other hand, states:
"When the decision, judgment, order or decree requires or provides unconditionally for the payment or recovery of money, the bond shall be conditioned to satisfy the judgment or decree or any modification not increasing the amount thereof, in full, including costs, interest (if chargeable), and damages for delay, in event the appeal be dismissed or the judgment, order or decree is affirmed."
We conclude that the intent of the rules is to make the supersedeas bond adequate to assure payment of the judgment if it should be affirmed. We hold nothing more here than that a judgment compelling the payment of $137,000 in lump sum alimony is a money judgment within the meaning of Rule 5.7, F.A.R., in a case in which the point on appeal solely concerns propriety of the monetary aspects of the judgment appealed from.
Motion for modification of supersedeas bond denied.
BOARDMAN and GRIMES, JJ., concur.