DOWNEY, Judge.
The present litigation has the following background. Yolanda Pro, as the respondent in a dissolution of marriage proceeding, received a judgment granting her, among other things, lump sum alimony of $86,400 payable in periodic installments of $1200 per month, and an attorney’s fee of $4,500. Fred Pro, the petitioner, perfected an appeal from that judgment and obtained an order granting a supersedeas bond in the amount of $18,000. The order stated that the judgment to be superseded “[is] in part a Final Judgment other than a money judg *799 ment . . . .”[1] The order then provided:
“ORDERED AND ADJUDGED by the Court that upon the Petitioner, FRED PRO, executing a bond with good and sufficient surety for the sum of EIGHTEEN THOUSAND DOLLARS ($18,-000.00) in favor of the Respondent, conditioned to pay all costs and damages which the said Respondent may sustain in case the said appeal should be dismissed or said judgment be affirmed by the Fourth District Court of Appeal of the State of Florida, . . . ” (Emphasis supplied.)
Pursuant to that order, Fred Pro filed a bond which bound him and his surety, The American Druggists’ Insurance Company (appellee in this case), to pay to Yolanda Pro $18,000 upon condition that:
“. . .if the above mentioned FRED PRO shall well and truly pay all costs, damages and expenses occasioned by the reason of the stay in the event the Order sought to be reviewed is modified or reversed, then this obligation to be void; otherwise to be in full force and effect.”
In due course this court affirmed the judgment in question and Yolanda Pro called upon the surety to pay the amount of the bond. When the surety refused payment she filed suit to recover the amount of the bond. At the end of a non-jury trial, the court granted the surety’s motion for involuntary dismissal made at the close of Mrs. Pro’s case.
On appeal Mrs. Pro contends that the trial judge erred in finding that (a) the bond as written did not apply and that the bond was a nullity, and (b) attorney’s fees as directed in the final judgment are not recoverable under the bond.
A casual reading of the order granting the supersedeas bond and of the bond itself demonstrates that neither was drafted to fit the necessities of the final judgment in the dissolution action. With the exception of a provision dissolving the Pro marriage, and a routine injunction provision that the parties not harass each other, the decretal portion of the final judgment in the dissolution action pertained to the monetary awards of lump sum alimony and attorney’s fees. Thus, the most important aspect of the supersedeas bond from Mrs. Pro’s standpoint was the requirement that Mr. Pro pay the monetary awards forthwith if his appeal should be unsuccessful. See Fla. App. Rule 5.7; Knipe v. Knipe, 290 So.2d 71 (Fla. 2d DCA 1974). Yet the order which was entered did not provide for a bond conditioned to satisfy the monetary awards of the judgment if Mr. Pro’s appeal was unsuccessful; rather, it authorized a bond conditioned only to pay all costs and damages which the wife might sustain in case the appeal should be dismissed or the judg-' ment affirmed by the appellate court.
Regardless who prepared the order in question, the beneficiary of the bond (the judgment creditor) had the obligation to insure that the order provided the protection to which the judgment creditor was entitled. But not only was the order granting supersedeas inadequate to cover the exigencies of the case, the bond itself did not even follow the mandate of the order. The condition of the bond filed was that it would be of no force and effect if Mr. Pro paid all costs, damages, and expenses occasioned by reason of the stay in the event the order sought to be reviewed was modified or reversed. Obviously, the condition should have been that the obligation of the bond would terminate if the judgment was affirmed and Mr. Pro paid Mrs. Pro the obligation imposed by the final judgment in the dissolution action. If the judgment were to be reversed then, of course, there would be no obligation to meet.
Furthermore, the bond provisions were inadequate to meet the needs of the wife if it was her purpose to cover the monetary awards in the judgment, because both the order and the bond provided only for the payment of costs, damages, and expenses occasioned by reason of the stay. The damages or expenses envisioned in Fla.App, • *800 Rules 5.7, 5.8 and 5.9 are damages arising from the delay occasioned by the appeal, such as loss in value of property which could have been subjected to the satisfaction of the debt had it not been for the delay in taking the appeal. All Florida Surety Company v. Vann, 128 So.2d 768 (Fla. 3d DCA 1961); 5B C.J.S. Appeal and Error § 2072b(3). Thus, even if the conditions of the bond had complied with the order, Mrs. Pro would not have succeeded in this suit against the surety, because the surety never contracted to pay the monetary awards contained in the judgment superseded.
In view of the foregoing, it is quite apparent that the trial judge’s very thorough analysis of the case in the final judgment appealed from was eminently correct.
AFFIRMED.
CROSS and ALDERMAN, JJ., concur.

. It would appear this statement is an incorrect (though understandable) interpretation of Fla. App. Rule 5.9. See Knipe v. Knipe, 290 So.2d 71 (Fla. 2d DCA 1974).