PER CURIAM.
Pursuant to Florida Appellate Rule 9.310(f), Mosar Developers, Inc., seeks review of a circuit court order denying its motion to permit it to use funds on deposit in the registry of the court as security for supersedeas pending Mosar’s appeal from a money judgment.
Creech & Wilson, Inc., obtained a judgment in the amount of $130,000 against Mosar. After filing a notice of appeal from that judgment Mosar sought permission of the circuit court to use as part of a superse-deas bond the sum of $130,000, plus interest, which Mosar had deposited in the registry of the court to satisfy its creditors. The circuit court set the amount of the superse-deas bond at $149,500 and denied Mosar’s motion to use as part of the bond the funds on deposit in the court registry. It is that order which we have for review.
It was conceded in oral argument on this motion for review that, if Creech & Wilson is successful on this appeal, it will be entitled to the fund in the registry of the court. No other creditor has any prior or equal claim thereto. Thus, it appears to us that there is no reason why Mosar should not be *119 able to use that fund as part of a bond to supersede the judgment pending appeal. If Creech & Wilson is successful on Mosar’s appeal from the judgment of $130,000, Creech & Wilson will be paid from said fund, plus the remainder of the bond for $149,500. No prejudice can accrue to Creech & Wilson from the use of said fund or said bond. The purpose of a supersedeas bond is:
to protect the party adversely affected against the consequences of the superse-deas or stay, and not against the appeal when the appeal is of right, except when a money judgment or decree is appealed, in which event the bond to be exacted is to pay same. Bernstein v. Bernstein, 43 So.2d 356, 358 (Fla.1959).
In view of the foregoing we hold the circuit court erred in refusing to allow Mo-sar to use the fund in the registry of the court as part of the amount of the bond of $149,500 necessary to supersede the judgment on appeal.
Accordingly, the order appealed from is reversed and the cause is remanded to the circuit court for further proceedings consistent with this opinion. The circuit court is directed to allow Mosar a reasonable time to post the remainder of the amount of the bond, whereupon our stay of the cause entered September 25, 1980, shall be vacated.
REVERSED AND REMANDED with directions.
LETTS, C. J., and DOWNEY and AN-STEAD, JJ., concur.