406 So.2d 125 (1981)
Edward CERRITO and Joan R. Cerrito, Appellants,
v.
Jacqueline R. KOVITCH and Ed-Jo Corp. of Florida, Inc., a Florida Corporation, Appellees.
No. 81-1609.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
*126 Timothy H. Kenney of Winkel, Sims, Kenney & Crosswell, Palm Beach, for appellants.
Richard W. Wasserman, Miami Beach, for appellee Jacqueline R. Kovitch.

ON MOTION FOR REVIEW OF DENIAL OF STAY
PER CURIAM.
We are asked to review an order requiring the mortgagors to post a supersedeas bond in an amount equal to the outstanding balance owed on a promissory note (secured by mortgage) plus fifteen percent thereof. Supersedeas is sought to stay the foreclosure sale of real property pending appeal of a final judgment in foreclosure.
Rule 9.310, Florida Rules of Appellate Procedure establishes as a general rule that "A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both." The trial court is thereby given considerable latitude in controlling the circumstances under which the proceedings may be stayed pending review.
We are none-the-less concerned that the trial court here may have been misled and may have felt compelled to apply a standard more severe than our interpretation of the rule requires.
This rule (Rule 9.310, supra) replaces former appellate rules 5.1 through 5.12. Under the former rules specific provisions were made for "Bond Where Judgment is for Recovery of Money Not Secured" (Rule 5.7); "Bond When Judgment is for Recovery of Money Otherwise Secured" (Rule 5.8); and "Bond When Judgment is Other Than for Money" (Rule 5.9).
Translating these categories into the present unified rule we believe that the exception contained in 9.310(b)(1) to the effect that "when the order is solely for the payment of money, a stay pending review is automatic ... on posting of a good and sufficient bond equal to the amount ordered to be paid, plus 15% thereof ..." is intended to supplant former Rule 5.7 only. In our view a judgment for recovery of money otherwise secured, as by a mortgage on real property, calls into play the general rule set out in (a) rather than the exception contained in (b). This conclusion is reinforced by the fact that a final judgment in foreclosure is not an order "solely for the payment of money."
*127 We therefore grant the motion for review. Proceedings in the lower tribunal are hereby stayed pending further order of that court.
Because of the rationale upon which we base reversal it is not necessary to determine whether, under the circumstances, bond in the amount of $35,000 constitutes an abuse of discretion per se. Nor would we be in a position to make such a determination even if it were ripe for consideration. No facts have been brought forward to this Court establishing the present fair market value of the property, the extent of other liens, if any, or waste or other damages which may be occasioned by delay. The trial court, on remand, will necessarily consider each of those factors and perhaps others in determining the amount of bond and conditions to be imposed. Our review of any subsequent order establishing bond would necessarily require examination of the trial court's findings on each of the pertinent factors.
We reverse the order of October 14, 1981 and remand for further proceedings in accordance with the foregoing. The rationale of Fidelity & Deposit Co. of Maryland v. Atlantic National Bank, 234 So.2d 736 (Fla.3d DCA 1970) while not necessarily controlling, may be helpful. The stay we here impose shall terminate upon entry of a further order by the trial court establishing the terms of supersedeas.
REVERSED AND REMANDED.
LETTS, C.J., and HERSEY and HURLEY, JJ., concur.