424 So.2d 173 (1983)
Frank Brantley DICE, Appellant,
v.
James W. CAMERON, Personal Representative of the Estate of Jessie M. Dice, Kimberlee M. Dice and Lisa K. Dice, Appellees.
No. 82-844.
District Court of Appeal of Florida, Third District.
January 4, 1983.
James A. Baccus, Miami, for appellant.
Wiener & Walton, Coral Gables, Roger H. Edwards, South Miami, and Herbert A. Warren, Miami, for appellees.
Before DANIEL S. PEARSON and FERGUSON, JJ., and OWEN, WILLIAM C., Jr. (Ret.), Associate Judge.
FERGUSON, Judge.
Where one of the beneficiaries under a will took an appeal from an order of the court approving the Personal Representative's recommended distribution of the estate, it was not error to require the posting of a supersedeas bond equal to the amount in controversy plus 15%. Fla.R.App.P. 9.310.[1]
The estate has a value of over $300,000. Appellant's share under the proposed distribution is $33,692.19. He claims by the appeal that he has been short-changed $39,784.61 *174  the amount in controversy. Although we agree with appellant that the order approving the proposed distribution is not an "order solely for payment of money" which would call into play the mandatory provision contained in section (b) of the rule, but is an order appealed from which calls into play the discretionary section (a), appellant has failed to make a clear showing that the court abused its discretion in requiring a bond. See Hodge v. Jacksonville Terminal Company, 234 So.2d 645 (Fla. 1970).
The fact that the contested funds are in custody of a stakeholder does not require a different result. Cf. Dixon v. Dixon, 184 So.2d 478 (Fla. 2d DCA 1966) [appealing party in a case involving distribution of insurance proceeds which had been paid into court registry could stay judgment upon posting of a supersedeas bond]. The purpose of a supersedeas bond is to insure payment of the full amount of the order including costs, interests, fees, damages for delay and use, if the review is dismissed or order affirmed. Fla.R.App.P. 9.310(c)(2). In this case the assets of the estate, consisting entirely of cash, are in the custody of a personal representative, who, because not required by the will, is not bonded  a fact which the trial court might have considered in requiring a good and sufficient bond.
Affirmed.
OWEN, WILLIAM C., Jr., Associate Judge, dissenting:
I agree that the order for which a stay was sought is not an "order solely for payment of money,"[1] and hence the general discretionary provision of Rule 9.310(a) would apply. I think that on the facts of this case an abuse of discretion is shown.
The Personal Representative held estate assets consisting of $301,076.59 in cash. The petition for discharge proposed to distribute to appellant as his share of the estate the sum of $33,692.19. Appellant filed objections to the proposed distribution, claiming entitlement to an additional $39,784.61. It is the court's order overruling those objections and authorizing the personal representative to make distribution in accordance with the proposed schedule from which appellant took his appeal and which he sought to have the court stay. On appellant's motion for stay, the court (as did the parties) recognized that the amount in controversy was the additional $39,784.61[2] claimed by appellant, and consequently set the amount of the supersedeas bond at 115% of that sum.
I think the cases of Bernstein v. Bernstein, 43 So.2d 356 (Fla. 1949); Cerrito v. Kovitch, 406 So.2d 125 (Fla. 4th DCA 1981); Mosar Developers, Inc. v. Creech & Wilson, Inc., 404 So.2d 118 (Fla. 4th DCA 1981); and Fidelity and Deposit Co. of Maryland v. Atlantic National Bank of Jacksonville, 234 So.2d 736 (Fla. 3d DCA 1970), if not controlling precedent, are at least instructive as to the proper amount of bond in this case. The purpose of a supersedeas bond is to protect the party adversely affected against the consequences of the stay. Bernstein v. Bernstein, supra, at 358. The bond set in *175 this case not only has included an allowance for interest and costs (the 15% factor), but also has (in effect) required appellant to bond (at 100%) the Personal Representative's ultimate liability with respect to the $39,784.61 which is in controversy. Since neither the Testatrix nor the court felt it necessary to require a bond of the Personal Representative, it strikes me as an abuse of discretion for the court now to require appellant, as a condition to a stay of the order authorizing distribution, to post a bond which (in effect) assures that the Personal Representative will, upon final resolution of the appeal, faithfully discharge his fiduciary responsibility.
I would vacate the order setting supersedeas bond and remand for the purpose of setting bond in such amount and upon such conditions as would protect the parties adversely affected against the consequences of the stay, together with their taxable costs, taking into consideration any sums likely to be earned by the funds while held by the Personal Representative pending final disposition of the appeal.[3]
NOTES
[1] Rule 9.310. STAY PENDING REVIEW

(a) Application. Except as provided by general law and in section (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify or deny such relief. A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both.
(b) Exceptions.
(1) Money Judgments. When the order is solely for the payment of money, a stay pending review is automatic, without the necessity of motion or order, on posting of a good and sufficient bond equal to the amount ordered to be paid, plus 15% thereof. If the liability of a party is less than the entire amount ordered to be paid, the bond required for that party shall be equal to the amount of such liability, plus 15%. Multiple parties having common liability may file a bond in the amount of the common liability plus 15%.
[1] The order appealed, styled "Order Overruling Objections to Final Accounting," overruled appellant's objections to the Personal Representative's final accounting and proposed distribution, and authorized the Personal Representative to distribute the estate assets in accordance with the proposed schedule. It was not a money judgment and only involved the payment of money because, fortuitously, the estate assets to be distributed by the Personal Representative were at that point completely liquidated. But if it were, it is not the appellant who is obligated to pay  it is a third party, the Personal Representative, who is obligated to pay, and thus under the clear language of Rule 9.310(b)(1) appellant would be entitled to a stay without any bond since his liability is zero, and 115% of zero is still zero.
[2] I would assume that, despite the stay, only this sum has been retained by the Personal Representative and the remainder of the assets have been distributed to the beneficiaries in such a manner that each has received the least amount which would be received irrespective of the outcome of the appeal.
[3] We are informed by appellant's motion for review that estate assets are invested and earning interest in a money market fund.