469 So.2d 189 (1985)
Allan PABIAN, Appellant,
v.
Paula PABIAN, T.V. Facts of Hollywood-Hallandale, Inc., a Florida Corporation, and Miami Beach T.V. Shopper, Inc., Appellees.
No. 84-1986.
District Court of Appeal of Florida, Fourth District.
May 22, 1985.
Bennett Oppenheimer, Fort Lauderdale, for appellant.
*190 Alan D. Methelis of Law Offices of Eric H. Golden, P.A., Fort Lauderdale, for appellee  Paula Pabian.

ON MOTION FOR REVIEW AND MODIFICATION OF SUPERSEDEAS BOND
HERSEY, Judge.
We are asked to review an order establishing the terms of a supersedeas bond required to stay enforcement of an order entered upon a master's report in dissolution proceedings and currently on appeal.
The underlying order determined that appellant-husband was in contempt for failure to make certain payments and required him to make the payments and to furnish requested information by a date certain or suffer incarceration. The trial court's order granting appellant's motion to stay which we here consider required the posting of a bond comprised of:

Car payments  March 1984 through
 December 1984 $2,867.30
 Remaining car payments 5,447.87
 Pension/life insurance 6,951.00
 __________
 Total $15,266.17

Additionally, pursuant to the Florida Rules of Appellate Procedure (apparently rule 9.310(b)(1)), the trial court ordered the husband to post an additional fifteen percent of the total amount.
The husband now moves this court to review and modify the supersedeas bond. He first contends that the trial court incorrectly found the order to be solely a money judgment which requires the posting of a bond. In that respect, rule 9.310(a) and (b)(1) of the Florida Rules of Appellate Procedure provides:
Rule 9.310. Stay Pending Review
(a) Application. Except as provided by general law and in section (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify or deny such relief. A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both.
(b) Exceptions.
(1) Money Judgments. When the order is solely for the payment of money, a stay pending review is automatic, without the necessity of motion or order, on posting of a good and sufficient bond equal to the amount ordered to be paid, plus 15% thereof. If the liability of a party is less than the entire amount ordered to be paid, the bond required for that party shall be equal to the amount of such liability, plus 15%. Multiple parties having common liability may file a bond in the amount of the common liability, plus 15%.
The husband is correct that the order in question is not one "solely for the payment of money." Rule 9.310(b)(1). Rule 9.310(b)(1) applies "only to judgments or orders wherein the only relief granted is for the payment of money. When monetary and other relief are granted in the same judgment or order, then the Rule 9.310(b)(1) exception does not apply and the parties must proceed in accord with the provisions of Rule 9.310(a)." Florida Coast Bank of Pompano Beach v. Mayes, 433 So.2d 1033, 1034 (Fla. 4th DCA 1983), rev. dism., 453 So.2d 43 (Fla. 1984) (emphasis added). The order in question, in addition to providing for monetary relief, holds appellant in contempt of court and directs his incarceration.
This is not, however, dispositive as to the propriety of the bond, since rule 9.310(a) allows the trial court to condition a stay on "the posting of a good and sufficient bond, other conditions, or both." It has also been held that even where the setting of a bond falls within the provisions of rule 9.310(a), rather than (b)(1), requiring the posting of an additional fifteen percent is not necessarily improper, since "[t]he purpose of a supersedeas bond is to ensure payment of the full amount of the order including costs, interests, fees, damages for delay and use, if the review is dismissed or order affirmed. Fla.R.App.P. 9.310(c)(2)." Dice v. Cameron, 424 So.2d 173, 174 (Fla. 3d DCA), appeal dism., 434 So.2d 887 (Fla. 1983).
*191 As noted in Dice and other cases, the guiding principle in setting a supersedeas bond is to protect the party in whose favor judgment was entered by assuring its payment in the event the judgment is affirmed on appeal. Knipe v. Knipe, 290 So.2d 71 (Fla. 2d DCA 1974). See also Hathcock v. Societe Anonyme La Floridienne, 54 Fla. 522, 45 So. 22 (1907); Edgerton v. West, 38 Fla. 338, 21 So. 278 (1896). To this end, the proper amount and conditions of the supersedeas bond are determined by the facts of the particular case. Kahn v. American Surety Co. of New York, 120 Fla. 50, 162 So. 335 (1935), overruled in part in Larson v. Higginbotham, 66 So.2d 40 (Fla. 1953). For example, in Knipe, 290 So.2d at 71-72, a bond in the amount of $150,000 was found not unreasonable to secure a judgment for lump sum alimony in the amount of $137,000. In State Farm Mutual Automobile Insurance Co. v. Ganz, 111 So.2d 91 (Fla. 3d DCA 1959), a $110,000 bond was found excessive where the amount of the judgment appealed from was $55,000, and the bond was ordered reduced to $60,000.
The husband is appealing an order which provides, first, for the payment of $6,951 in twelve monthly installments, the last to be due in June 1985. Since the appeal will almost certainly not be concluded by that time, it was advisable, and therefore not an abuse of discretion, for the trial judge to order the posting of a bond in that amount in order to protect appellee. The order appealed from also provided for payment by the husband of arrearages in car payments (for April, May, and June 1984) in the amount of $860.19, and therefore that amount is also proper. However, it appears that the trial court improperly ordered the posting of a bond as to additional car payments due after June 1984 which are not covered by the order appealed from and as to which appellant has not requested a stay. These payments remain subject to enforcement by the trial court through appropriate orders during the pendency of the appeal.
We conclude that this case must be remanded to the trial court for modification of the supersedeas bond. Although appellant's contention that the amount of the bond should be no more than $860.19 is incorrect, a redetermination of the proper amount should be made without considering additional car payments beyond June of 1984. Presently the amount of the bond  which is more than double the amount contested on appeal to be due the wife  is excessive.
The amount of the bond is not, however, required to be limited to the amounts set forth above which were properly ordered to be posted as bond (totalling $7,811.19). The trial court on remand may also consider such other amounts or conditions as are necessary to protect the appellee's judgment for the $7,811.19. As noted in Cerrito v. Kovitch, 406 So.2d 125, 126 (Fla. 4th DCA 1981), the trial court has "considerable latitude in controlling the circumstances under which the proceedings may be stayed pending review."
We therefore grant the motion for review and modification of supersedeas bond in part and remand for redetermination, consistent with this opinion, of the appropriate amount of the bond.
GLICKSTEIN and HURLEY, JJ., concur.