ON MOTION FOR REVIEW
BASKIN, Judge.
Northern Trust Bank of Florida, N.A., [Bank] challenges the trial court’s orders denying its motion to strike supersedeas bond and granting a protective order. We vacate and remand.
The trial court entered final judgment in favor of the Bank in its action to collect $2,422,136.40 due and payable under eleven promissory notes. Tibor Hollo and East Coast Properties, Inc., [Debtors] filed a notice of appeal and a supersedeas bond for $3,003,440.14, with the Debtors as principals and Urana Gray and Steven Baer as *731 sureties. Gray and Baer are employees of Debtor East Coast Properties, Inc. Doubting that the sureties possessed sufficient assets to cover the bond, the Bank served notices for deposition and subpoenas duces tecum upon Gray and Baer; however, the trial court granted the Debtors’ motion for protective order. The Bank filed a motion to strike the supersedeas bond, but the trial court denied the motion. The Bank seeks review of the trial court’s orders.
A stay pending appeal of a judgment solely for the payment of money is automatic upon the posting of a good and sufficient bond. Fla.R.App.P. 9.310(b)(1). “A good and sufficient bond is a bond with a principal and two personal sureties or one surety company authorized to do business in the State of Florida.” Fla.R.App.P. 9.310(c)(1). The Debtors argue that once a bond with a principal and two sureties has been filed, the trial court is powerless to review its sufficiency. We do not accept their contention. The purpose of a su-persedas bond is to protect the judgment creditor by assuring payment of judgment in the event appeal should prove unsuccessful. Dice v. Cameron, 424 So.2d 173 (Fla. 3d DCA), appeal dismissed, 434 So.2d 887 (Fla.1983); Pabian v. Pabian, 469 So.2d 189 (Fla. 4th DCA 1985); Knipe v. Knipe, 290 So.2d 71 (Fla. 2d DCA 1974); see also Jerles Inv. Co. v. Wells, 130 Fla. 136, 177 So. 313 (1937). That purpose would not be served if the sureties could not satisfy the judgment. Accordingly, the courts of this state have held that each surety must be able to cover the full amount of the bond. Poyntz v. Reynolds, 37 Fla. 533, 19 So. 649 (1896); see also Melvin v. West, 120 So.2d 233 (Fla.1960). Discovery may be necessary for the court to ascertain whether each surety can fulfill its obligation under the bond. Thus, the trial court erred in granting the protective order. It is incumbent upon the court to determine that each surety has sufficient assets within the court’s jurisdiction to satisfy the bond. Accordingly, we vacate both the protective order and the order denying the motion to strike the supersedeas bond. We remand with directions to the trial court to determine whether each surety is fully able to satisfy the bond.
Vacated and remanded with directions.