570 So.2d 1374 (1990)
Joseph J. NELSON, et al., Petitioners,
v.
Honorable John E. SANTORA, et al., Respondents.
No. 90-3233.
District Court of Appeal of Florida, First District.
December 10, 1990.
*1375 Donald P. Sluder, Orange Park, for petitioners.
J.W. Harrell, Jacksonville, for respondent Dinsmore Co.
PER CURIAM.
The Dinsmore Company (Dinsmore) brought a complaint in Duval County Circuit Court seeking to foreclose a certain mortgage, naming Nelson Holding and Joseph Nelson, individually, (collectively Nelson) as defendants. On July 27, 1990, a final summary judgment of foreclosure was entered. Nelson appealed that order to this court in case number 90-2629. A notice of sale was entered scheduling sale of the property at issue for October 23, 1990, between 11:00 a.m. and 2:00 p.m. at the Duval County Courthouse. On September 27, Nelson moved the trial court for a stay pending appeal. A hearing was held on the motion on October 9 and the trial court entered an order which granted the stay conditioned upon the posting of a bond.
Nelson has filed a petition for writ of prohibition and petition for all writs jurisdiction with this court. It recites the facts as above and shows further that on October 22 the defendants filed a bond in the requisite amount with a principal and two personal sureties.[1] The following morning the defendants made inquiry of the office of the clerk and were advised that, because of the filing of the bond, the sale would not be conducted. It is alleged that this same information was given to other persons inquiring about the sale. On October 23 at 10:30 a.m., the plaintiff filed a motion to strike the supersedeas bond. A hearing was apparently held on or about 11:30 a.m. before Chief Judge John Santora but the petitioners allege inadequate notice of the hearing was given. Thereafter, Judge Santora personally went to the clerk's office and directed that a sale be conducted. A copy of a handwritten note from Judge Santora so stating appears in petitioner's appendix and a formal order was filed with the clerk at 1:00 p.m. on October 24. The plaintiff purchased the property for $368,128.85 at the October 23 sale.
Defendants filed in circuit court a motion to vacate and set aside the sale and issuance of certificate of sale. The defendant and at least one other person filed objections to the sale, relying in part on the fact that they were advised by the clerk's office that the sale had been cancelled and they therefore did not attend. The petitioners set a hearing on the motion for November 5 but expressed concern that the cause would be acted on ex parte or without proper notice. The petitioners asked this court to issue a writ of prohibition or an appropriate constitutional writ to direct the appropriate respondents to withhold issuance of a clerk's certificate of title until disposition of the objections and motions.
An order to show cause issued and the court is now in receipt of a response filed on behalf of Dinsmore, the mortgagee. This response details at some length the actions of Nelson over the past two years which have apparently been designed to delay indefinitely the sale of the property. The respondent moves for imposition of sanctions.
*1376 It is obvious from our review of the record that the trial court is becoming frustrated with the delaying tactics of the defendants. Nevertheless, adherence to the applicable statutory provisions must be observed before the certificate of title can issue. Section 45.031(4), Florida Statutes, provides for issuance of a certificate of title within 10 days by the clerk if no objections to the sale are filed within that time. In the instant case, obviously the trial court has received objections to the sale and those must be resolved before title can issue. Although the statute does not set forth any procedure for resolving objections to the sale, one reported decision has held that a circuit judge must hold a hearing and enter an order disposing of the objection(s) before title issues. See Maule Industries, Inc. v. Seminole Rock and Sand Co., 91 So.2d 307 (Fla. 1956).
Accordingly, we grant the petition. Petitioners and the persons who filed objections are entitled to a judicial determination of the merits of their claims before the certificate of title is issued.
In light of the fact that this court finds merit to some of the claims of petitioner, respondent's motion for sanctions is denied.
PETITION GRANTED; MOTION FOR SANCTIONS DENIED.
ERVIN, MINER and ALLEN, JJ., concur.
NOTES
[1] Defendants were directed to post a bond in the amount of $517,500 by October 22, 1990. It is alleged that the total foreclosure judgment, including attorney's fees, is $450,000 and therefore the amount of the bond was apparently calculated pursuant to Fla.R.App.P. 9.310(b)(1) which requires the posting of a bond in an amount equal to the judgment plus twice the statutory rate of interest. In the appeal, appellants moved this court for a review of that order, arguing that the defendants' expert witness below testified that the fair market value of the property greatly exceeded the amount of the judgment. It was argued that the amount of the bond is excessive and an abuse of the trial court's discretion. Appellants contended the bond should have been calculated to protect the interests of the mortgagee which are not adequately secured by the property at issue. See Cerrito v. Kovitch, 406 So.2d 125 (Fla. 4th DCA 1981). However, since the appellants filed a bond in the ordered amount, the motion was denied as moot. Although the supersedeas bond was subsequently stricken, Nelson did not move this court for review of that order.