ON MOTION TO REVIEW DENIAL OF SUPERSEDEAS BOND
PER CURIAM.
Appellant Frank Makowski filed notices of appeal from a final judgment of dissolution of marriage and a judgment for attorney’s and guardian ad litem fees. The trial court stayed the judgments on review without conditioning the stays upon posting of a bond. See Fla.R.App.P. 9.310(a). The judgments, inter alia, awarded appellee Julia Makowski $20,000 as part of an equitable distribution of marital assets and granted an attorney’s fee and guardian ad litem fees totalling $48,494. “The purpose of a supersedeas bond is to insure payment of the full amount of the order ... if the review is dismissed or order affirmed.” Dice v. Cameron, 424 So.2d 173 (Fla. 3d DCA), appeal dismissed, 434 So.2d 887 (Fla.1983); Hollo v. North Trust Bank of Florida, 562 So.2d 730 (Fla. 3d DCA 1990). Appellee sufficiently alleged that a bond is necessary to protect the sums awarded to her in the judgment. Pabian v. Pabian, 469 So.2d 189, 191 (Fla. 4th DCA 1985); Dice, 424 So.2d at 174. We therefore find that the denial of the motion for bond constitutes an abuse of discretion. See Pabian. We reverse the trial court’s order denying appellee’s motion for supersedeas bond and remand for determination of a good and sufficient bond.
Reversed and remanded.