602 So.2d 545 (1991)
George L. WILSON, as Trustee, Appellant,
v.
Mark J. WOODWARD, Appellee.
No. 91-02294.
District Court of Appeal of Florida, Second District.
October 23, 1991.
*546 Raymond L. Bass, Jr. of Bass & Chernoff, Naples, for appellant.
Robert G. Menzies of Roetzel & Andress, Naples, for appellee.

ON MOTION FOR REVIEW AND MODIFICATION OF ORDER ON STAY
PER CURIAM.
Appellant, George L. Wilson, as Trustee, (Wilson) seeks review of the circuit court's order requiring the posting of a bond to stay the enforcement of an order of partial summary judgment pending appeal. We grant this second motion for review filed pursuant to Florida Rule of Appellate Procedure 9.310(f) and remand for further proceedings.
Wilson filed a notice of appeal of the circuit court's order of partial summary judgment entered in favor of appellee, Mark J. Woodward (Woodward). The order directed the clerk of the circuit court to "disburse to the defendant, Mark J. Woodward, the sum of $76,325.00, plus accrued interest, from the clerk's registry, said sum representing extension fees paid in escrow by this defendant." After Wilson received the order, he filed in the circuit court a motion to stay the order of partial summary judgment pending appeal. Thereafter, the circuit court entered an order which required Wilson to post a bond in the amount of $94,643.00, to stay the disbursement of the money in accordance with the order of partial summary judgment. The sum of $94,643.00, represented the principal amount set forth in the partial summary judgment plus twice the rate of statutory interest on that amount.
Upon entry of the order requiring the bond, Wilson expeditiously filed a motion for review in this court. In ruling on the first motion for review, this court remanded the case to the circuit court to conduct proceedings pursuant to subdivision (a) of rule 9.310, as opposed to section (b) of that rule. Subdivision (b) applies to money judgments only and provides the formula to be used in determining the amount of a bond to be posted to effectuate an automatic stay of a money judgment. Because the order directing the clerk to disburse funds from the registry of the court to Woodward is not a money judgment, subdivision (b) is inapplicable to this proceeding.
After the circuit court conducted a hearing on remand, it again entered an order requiring the posting of a bond in the amount of $94,643.00. In so doing, the court abused its discretion under these circumstances.
When the court on remand exercised its discretion under subdivision (a) of rule 9.310, it was not bound to apply the formula provided in subdivision (b) for the automatic stay of money judgments. The purpose behind conditioning a stay pending appeal on the posting of a bond is to ensure payment to the appellee of the full amount of the order, including interest and other items, in the event of an unsuccessful appeal. Fla.R.App.P. 9.310(c)(2); Pabian v. Pabian, 469 So.2d 189 (Fla. 4th DCA 1985); Knipe v. Knipe, 290 So.2d 71 (Fla.2d DCA 1974). While the money remains in the registry of the court, Woodward is protected to the extent of the full amount of the order of partial summary judgment. Regardless of whether the money either remains in the registry of the court or is disbursed to Woodward during the pendency of this appeal, Wilson will never have to pay the sum that reflects the principal *547 amount in the order. If Wilson is required to post a bond in the principal amount of the order plus twice the amount of the statutory rate of interest, with the principal amount remaining in the court's registry, then the bond more than doubles Woodward's protection. We therefore find the amount of the bond to be excessive.
In holding that the bond is excessive, we do not decide what amount would be appropriate in these circumstances. Rule 9.310(c)(2) contemplates that interest and other various items should be considered in setting the amount of the bond. Accordingly, we reverse the circuit court's order setting bond and remand for further proceedings to determine the appropriate amount for the bond. This appeal in all other respects shall proceed.
SCHOONOVER, C.J., and DANAHY and PATTERSON, JJ., concur.