ON MOTION TO REVIEW ORDER REQUIRING SUPERSEDEAS BOND
PER CURIAM.
Pursuant to Florida Rule of Appellate Procedure 9.310(f), Donald S. Zuckerman moves for review of an order setting the amount of the supersedeas bond to be posted in order to stay the trial court’s order pending appeal. We grant the motion.
Appellee Hofrichter & Quiat, P.A., holds an unsatisfied judgment against Zucker-man. Hofrichter & Quiat served a writ of garnishment on Provident Life & Accident Insurance Co., which owed $75,000 to Zuck-erman. After evidentiary proceedings, the trial court entered an order rejecting Zuck-erman’s claim that the funds were statutorily exempt from garnishment pursuant to section 222.18, Florida Statutes (1991).* The court allocated the $75,000 amount be *2 tween appellee and appellee’s counsel. The order determined the amount of credit to be allocated against Hofrichter & Quiat's outstanding judgment against Zuckerman. The order also directed Provident Life to deposit the funds in an interest-bearing bank account in the joint names of counsel for appellant and appellee as co-trustee. Zuckerman has appealed the garnishment order.
Subsequently, the trial court ruled that in order for Zuckerman to supersede the garnishment order, it would be necessary to post a bond in accordance with Florida Rule of Appellate Procedure 9.310(b)(1), which applies when “the order is a judgment solely for the payment of money....” Accordingly, the trial court ruled that Zuckerman would be required to post a supersedeas bond in the full amount of the disputed fund plus the interest amount specified by Rule 9.310(b)(1). Further, this bond would be over and above the $75,000 fund. Zuckerman seeks review of the trial court’s order establishing the supersedeas amount.
This court has previously held that an order of this general type which directs the disbursement of a specific fund is governed by Rule 9.310(a), rather than Rule 9.310(b)(1). Dice v. Cameron, 424 So.2d 173 (Fla. 3d DCA), dismissed, 434 So.2d 887 (Fla.1983). Other districts are in accord. Wilson v. Woodward, 602 So.2d 545 (Fla. 2d DCA 1991); Florida Coast Bank of Pompano Beach v. Mayes, 433 So.2d 1033 (Fla. 4th DCA 1983), review dismissed, 453 So.2d 43 (Fla.1984); see also Cerrito v. Kovitch, 406 So.2d 125 (Fla. 4th DCA 1981); Mosar Developers, Inc. v. Creech & Wilson, Inc., 404 So.2d 118 (Fla. 4th DCA 1981); The Florida Bar, Florida Appellate Practice § 9.13 (2d ed. 1986); Phillip J. Padovano, Florida Appellate Practice § 8.4 (1988). The trial court therefore had discretion under Rule 9.310(a) as to the nature and extent of the security to be posted for a stay.
Appellee argues that even under Rule 9.310(a), the result would be unchanged, because the order regarding the disputed fund does not provide appellee with adequate security. Those contentions should be addressed in the first instance to the trial court.
The order under review is reversed and the cause is remanded for further proceedings under Rule 9.310(a).

 The trial court observed that it was a close question whether the $75,000 insurance amount was statutorily exempt.