626 So.2d 292 (1993)
MSQ PROPERTIES, A Florida Partnership, Appellant,
v.
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, a State agency, Appellee.
No. 93-2533.
District Court of Appeal of Florida, First District.
November 5, 1993.
*293 J. Riley Davis of Taylor, Brion, Buker & Greene, Tallahassee, for appellant.
Victoria A. Coleman, Asst. Dist. Legal Counsel, West Palm Beach, for appellee.

ORDER ON APPELLANT'S MOTION FOR SUPERSEDEAS AND STAY
PER CURIAM.
MSQ Properties, appellant in this cause, currently leases office space to the Department of Health and Rehabilitative Services (HRS) in Delray Beach. The lease term is due to soon expire and HRS issued an invitation to bid for space after that date. MSQ and two other bidders responded. HRS scored a competitor's bid highest and announced its decision to award the contract accordingly. MSQ's bid protest was rejected and that order has been appealed to this court.
The appellant has moved this court for a stay, arguing that the agency action was erroneous in several respects. Appellant contends that it is likely to prevail in this appeal and asks this court to stay the contract award during the pendency of this appeal. Because we find that appellant should first apply to the agency for this relief, the motion is denied without prejudice.[1]
Florida Rule of Appellate Procedure 9.310(a) provides that in most cases a party seeking to stay an order during appeal must first apply to the lower tribunal:
Except as provided by general law ..., a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.
Subdivision (f) of that same rule provides that the lower tribunal's order shall be reviewable in the appellate court on motion. We recognize that section 120.68(3)(a), Florida Statutes (Supp. 1992), provides that "[t]he agency may also grant a stay upon appropriate terms, but, whether or not the action has the effect of suspending or revoking a license, a petition to the agency for a stay is not a prerequisite to a petition to the court for supersedeas." We read these two provisions together for the proposition that an application to the agency for a stay may not be an absolute prerequisite to application to the appellate court. Nevertheless, in most cases we shall continue to adhere to the general requirement of rule 9.310(a) that an applicant should first seek relief in the lower tribunal. By doing so, this court will continue to serve in its primary function as a court of review. The lower tribunal is in a superior position to determine whether a bond or other conditions should be required before an order is stayed and, if so, the amount of the bond or the nature of the conditions. These determinations may require fact finding which is not a function of this court. See Trombley v. Florida Real Estate Commission, 356 So.2d 813 (Fla. 4th DCA 1977).
For the reasons described above, the appellant's motion for stay is denied without prejudice to its right to apply to HRS for that relief.
ZEHMER, C.J., and JOANOS and WEBSTER, JJ., concur.
NOTES
[1] The motion was previously denied by unpublished order with a commitment to issue this opinion explaining the court's rationale.