PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) has leased office space from MSQ Properties in Delray Beach for several years, concluding on October 31, *287 1993. HRS solicited bids for office space to commence upon termination of that term and selected property offered by Linton Center Partners, Ltd. over that offered by MSQ. MSQ filed a bid protest which was rejected by HRS on grounds that it was not accompanied by a timely bond as required by section 255.25(3)(c), Florida Statutes. MSQ appealed that order to this court.
Previously MSQ moved this court for a stay and it was denied without prejudice to appellant’s right to seek relief from the agency. See MSQ Properties v. Dep’t of Health and Rehabilitative Services, 626 So.2d 292 (Fla. 1st DCA 1993). MSQ then applied to the agency which denied the motion for stay and MSQ moved this court for review of that decision. See Fla.R.App.P. 9.310(f). By unpublished order this court stayed the contract award process.
HRS now moves this court to dismiss this appeal, showing that it has effectively reversed itself on the question of the timeliness of the bid protest and has referred the matter to the Division of Administrative Hearings (DOAH). While we find that HRS was without jurisdiction to so act during the pen-dency of this appeal, we treat the motion to dismiss as a confession of error and reverse and remand the order here on appeal to HRS with directions to refer the matter to DOAH for formal administrative proceedings. See Harris v. Florida Dep’t of Law Enforcement, 625 So.2d 1327 (Fla. 1st DCA 1993).
HRS moves for clarification of this court’s unpublished order on stay, explaining that it remained in the MSQ property on a month-to-month basis while renovations were made to the Linton property. Once those renovations were completed, HRS was obligated to and did relocate and occupy the Linton property. Finding that neither party adequately informed this court of the status of the leases in Delray Beach at the time this court considered appellant’s motion for review of the order on stay, we grant appellee’s motion for clarification and withdraw the order of December 28, 1993, which stayed the contract award process.
Appellant moves for sanctions and for an order finding HRS in contempt of court. We grant the motion in part, awarding attorney’s fees to MSQ for this appeal under authority of section 120.57(l)(b)10., Florida Statutes, and remanding to DOAH for forty-five days for a determination of the proper amount of fees and costs. A report shall be filed with this court within forty-five days after issuance of mandate. See RHPC, Inc. v. Dep’t of Health and Rehabilitative Services, 509 So.2d 1267 (Fla. 1st DCA 1987); Palm Springs General Hospital, Inc. v. Health Care Cost Containment Board, 560 So.2d 1348 (Fla. 3d DCA 1990). Appellant’s motion for sanctions and contempt is otherwise denied although this disposition is without prejudice to MSQ’s right to pursue a cause of action for damages in the appropriate forum.
IT IS SO ORDERED.
SMITH, JOANOS and WOLF, JJ., concur.