PADOVANO, J.
Mariner Health Care of Nashville, Inc., has filed a motion under Rule 9.310(f) of the Florida Rules of Appellate Procedure to review an order denying a stay. The case pending in this court is an original proceeding in certiorari in which Mariner is contesting a nonfinal order compelling discovery. We conclude that the trial court acted within its discretion in setting the conditions that Mariner would be required to meet to obtain a stay pending review of the discovery order. Therefore, we affirm the order denying the stay.
Janelle Baker sued Mariner Health Care for retaliatory discharge under section 448.103, Florida Statutes. She alleged that Mariner terminated her as an employee because she had informed the Department of Health and Rehabilitative Services of certain incidents involving patients. During the course of discovery, Baker sought production of all reports of incidents involving patients in Mariner’s care. Mariner objected on the ground that the documents were protected by the work product privilege, which prompted Baker to file a motion to compel. The trial court granted the motion, concluding that the incident reports were not covered by the work product privilege because they had not been prepared in anticipation of litigation.
Despite the trial court’s order granting the motion to compel, Mariner refused to produce copies of the reports. Baker then filed a motion seeking enforcement and sanctions. The trial court granted the motion, ordering Mariner to produce the reports on or before December 18, 1998, and imposed a $500 per day fine for every day after that date for which Mariner failed to produce the reports.
Mariner filed a petition for writ of certiorari in this court on December 23, 1998, contending that the trial court had departed from the essential requirements of law. Once the jurisdiction of this court had been invoked, Mariner sought a stay in the trial court. Baker opposed the motion, contending that a stay would be appropriate only if Mariner were to submit the incident reports to the court under seal and deposit the accrued fines in the registry of the court. In support of this position, Baker produced an affidavit from the custodian of records that certain medical records had been altered. Baker also proffered an affidavit from a former Mariner employee relating to the falsification of medical records.
The trial court advised the parties that Mariner would be required to submit the incident reports to the court under seal and to deposit the accrued fines into the registry of the court, as a prerequisite to an order granting a stay. Mariner declined to accept these conditions and on January 13, 1999, the trial court entered an order denying the motion for stay and directing that the daily fines would continue to accrue until the documents were produced.
Rule 9.310(a) of the Florida Rules of Appellate Procedure states in material part that “a party seeking to stay a final or nonfinal order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief.” By the terms of this rule, the lower tribunal has discretion to set the conditions under which the proceedings may be stayed pending appellate review. See Cerrito v. Kovitch, 406 So.2d 125 (Fla. 4th DCA 1981); MSQ Properties v. HRS, 626 So.2d 292, 293 (Fla. 1st DCA 1993). It follows that an order establishing the conditions necessary to obtain a stay is subject to review by the abuse of discretion standard.
We conclude that the trial court was justified in requiring Mariner to submit the incident reports under seal. During the hearing on the motion for enforcement, Baker proffered evidence that Mariner had been destroying material records. Certainly the court had a right to impose reasonable measures to ensure that the *610 incident reports will be available to Baker, without further argument, if the order compelling discovery is affirmed. Furthermore, Mariner has failed to explain how the production of the reports under seal would result in any prejudice. To the contrary, the records will be protected from disclosure during the entire course of the certiorari proceeding before this court. No harm can be done if this court ultimately determines that the reports are protected by the work product privilege.
The condition requiring Mariner to deposit all accrued fines in the registry of the court was justified by Mariner’s own actions. Mariner disobeyed the original order compelling discovery and did not seek review of that order until after Baker sought to enforce it. The motion to enforce resulted in an order requiring Mariner to pay a fine of $500 per day for each day that it continued to disobey the order compelling production of the reports. This was clearly within the court’s authority under Rule 1.380(b) of the Florida Rules of Civil Procedure, which provides that the trial court may impose sanctions against a party who fails to obey a discovery order. The choice of an appropriate sanction is a matter that is within the discretion of the court. See Mercer v. Raine, 443 So.2d 944 (Fla.1983).
Under these circumstances, the trial court acted reasonably in requiring Mariner to deposit the accrued fines in the registry of the court as a prerequisite to an order granting a stay. At present, Mariner continues to defy the original order compelling discovery, even though the order has not been stayed. A reversal of the trial court’s decision on this point would have the effect of protecting Mariner from the very order it continues to disobey.
For these reasons, we conclude that the trial court acted within its discretion in establishing the conditions under which Mariner would be entitled to a stay pending review. Consequently, we hold that the trial court was justified in denying the motion for stay once it became apparent that Mariner would not comply with the conditions.
Affirmed.
WOLF and KAHN, JJ., CONCUR.