COHEN, J.
Appellant, Jeffrey W. Wells (“Wells”), appeals from a final judgment in a breach of contract action, supplemental final judgment awarding attorney’s fees, and nonfi-nal order denying the release of personal property, each entered in favor of Circle Redmont, Inc. (“Redmont”). As to Wells’ claims concerning the final judgment and supplemental final judgment awarding attorney’s fees, we have contemporaneously affirmed without comment.[1] As to the trial court’s nonfinal order denying the release of personal property and permitting the accumulation of storage fees, we reverse.
In 2005, Wells contracted with Redmont to engineer, fabricate, and install a skylight. The total cost of the project was $16,310, with a partial payment due and paid at signing. In January 2008, Red-mont completed the skylight, but Wells refused to tender the final payment for the skylight, which remained at Redmont’s facility. Redmont sued Wells for breach of contract, seeking the remaining $9,155 due per the contract, together with interest on the past due balance, storage and attorney’s fees. Before trial, Wells paid the principal balance, leaving the trial court to determine the remaining contract fees.
The final judgment, entered on June 4, 2010, awarded Redmont $8,982.31, which included interest and storage fees from January 4, 2008, to April 27, 2010. Red-mont was also awarded attorney’s fees to be determined at a later date. Regarding the storage fees, the judgment provides: “Storage charges will continue to accrue at the rate of $8.00 per day until payment is made and the completed skylight is removed from the [Redmont] premises.”
On June 10, 2010, Wells filed a motion to release the skylight, which was denied. The supplemental final judgment, awarding Redmont $23,733.32 in attorney’s fees plus statutory interest, was entered shortly thereafter.
On October 13, 2010, Wells posted a supersedeas bond by depositing cash with the clerk of the court in the amount of $39,280.32. This more than covered the interest, storage fees (from January 4, 2008 to April 27, 2010), and attorney’s fees awarded by the court, which totaled $32,781.63, and included a cushion of approximately $6,500.
Wells then filed a renewed motion to release the skylight.[2] While the motion was pending, Wells encountered a problem with the sale of nonhomestead real property. At some point Redmont recorded the final judgment, which appeared as a cloud on title to property Wells was under contract to sell. This caused Wells to file an emergency motion pursuant to section 55.10, Florida Statutes (2010), to convert the supersedeas bond into a transfer bond, to which Redmont stipulated and the trial court granted. The order also directed Wells to pay additional moneys to the clerk in the amount equivalent to $8 per diem for interim storage fees that accrued to the date of the original supersedeas bond (April 28, 2010, to October 13, 2010), although moneys to cover these additional fees had already been deposited. The *435 bond was converted and totaled $41,911.85.[3]
On May 27, 2011, Wells filed an amended renewed motion to release the skylight, which the trial court denied.[4] The trial court concluded that the bond posted did not constitute “payment” of the final judgment amount and thus did not extinguish Redmont’s possessory interest in the skylight. As a result, the skylight remained in Redmont’s possession, with storage fees accruing at $8 per day.
Typically, the trial court is given considerable latitude in controlling the circumstances under which proceedings may be stayed pending review. Cerrito v. Kovitch, 406 So.2d 125, 126 (Fla. 4th DCA 1981). “[T]he guiding principle in setting a supersedeas bond is to protect the party in whose favor judgment was entered by assuring its payment in the event the judgment is affirmed on appeal.” Pabian v. Pabian, 469 So.2d 189, 191 (Fla. 4th DCA 1985). “[T]he proper amount and conditions of the supersedeas bond are determined by the facts of the particular case.” Id.
A party seeking to stay execution of a final or nonfinal order on appeal must file a motion in the lower court, which may require the posting of a good and sufficient bond, i.e., a supersedeas or appeal bond. Fla. R.App. P. 9.310(a). If the party is seeking a stay from execution of solely a money judgment, no motion is necessary; the posting of a good and sufficient bond equal to the principal amount of the judgment plus twice the annual statutory interest rate will stay execution. Fla. R.App. P. 9.310(b)(1). A “good and sufficient bond” is either a bond with a principal and a surety or “cash deposited in the circuit court clerk’s office.” Fla. R.App. P. 9.310(c)(1) (emphasis added). The trial court has continuing jurisdiction to determine the sufficiency of a bond under the rule. Fla. R.App. P. 9.310(c)(1).
Here, the continuing circumstances governing the debt and release of the skylight in the final judgment were relatively straightforward. Redmont would retain the skylight and storage fees would accumulate until Wells paid the judgment amount, plus any additional storage fees.
At the time Wells filed the motion to release the skylight, no bond was posted and the judgment remained unpaid. In October, however, Wells posted a “good and sufficient” cash supersedeas bond by depositing a check with the clerk of the court in the amount of $39,280.32, which represented the judgment amount and statutory interest required under Florida Rule of Appellate Procedure 9.310, including amounts sufficient to cover any additional storage fees. At the same time, Wells apparently renewed his request for Redmont to release the skylight. Once the bond was posted and Wells sought possession of the skylight, he was entitled to its release and to relief from the accumulation of storage fees, which Redmont wrongfully opposed. Those storage fees ceased on October 13, 2010, the date the supersedeas bond was posted and Wells’ request to release the skylight was renewed.
*436 AFFIRMED IN PART; REVERSED IN PART; REMANDED.
EVANDER and JACOBUS, JJ., concur.

. Wells appealed the final judgment and supplemental final judgment awarding attorney’s fees separately, in cases 5D10-3383 and 5D10-3546, respectively. This Court consolidated those cases on appeal.

. The date on which the renewed motion to release the skylight was filed is not clear from the record.

. The increase was due in large part to the additional interest and costs required by the statute governing transfer bonds.

. A different trial judge presided over the amended renewed motion to release the skylight, and because the final judgments were on appeal at the time of the motion, this Court relinquished jurisdiction to allow the trial court to adjudicate the matter.