SHEPHERD, J.
This appeal concerns a dispute over $21,000, which was deposited with the clerk of the court to stay the disbursal of proceeds from a judicial sale pending resolution of objections to the sale. We reverse and remand with instructions.
ANV Investment Group, LLC was the highest bidder at a judicial sale held pursuant to a foreclosure judgment in favor of South Beach Mortgage and Investment Corp. Before the clerk could issue the certificate of title and disburse the proceeds to the judgment creditor, ANV Investment objected to the sale. Subsequently, ANV Investment[1] also moved to vacate the underlying foreclosure judgment. The trial court ordered ANV Investment to post a bond of $21,000 to stay disbursal of the sales proceeds, and ANV Investment deposited that amount with the clerk on September 9, 2009.
ANV Investment initially appealed from the trial court’s March 18, 2009, order overruling its objections to the sale, and this court dismissed the appeal. The trial court then heard and denied ANV Investment’s motion to vacate the foreclosure judgment on September 24, 2009. On October 9, 2009, the trial court ordered the clerk of the court to immediately issue a certificate of title and disburse the sale proceeds to South Beach Mortgage. The trial court’s order directed that South Beach Mortgage be paid the sales proceeds, together “with interest from the date of the sale through the date of payment at the statutory rate.” On October 16, 2009, a few weeks before ANV Investment filed its second notice of appeal, this time from the order denying the motion to vacate, the clerk paid South Beach Mortgage the sales proceeds. The clerk, however, retained the $21,000.
This court ultimately affirmed the trial court’s denial of the motion to vacate, and, upon remand, both ANV Investment and South Beach Mortgage claimed entitlement to the $21,000. ANV Investment argued the funds represented a cash su-persedeas bond, which must be returned in full because the sales proceeds were dis *881 bursed to South Beach Mortgage before the appeal was completed. South Beach Mortgage, on the other hand, contended it is entitled to disbursal from these funds of the interest awarded in the October 9, 2009, order. The trial court agreed with ANV Investment, ordering the clerk to pay the full amount to ANV Investment. For the following reasons, we conclude South Beach Mortgage is entitled to disbursal from the $21,000 of interest for the delay occasioned by ANV Investment’s motion to vacate the judgment, but not for resolving the objections.
In deciding this case, we must consider Section 45.031, Florida Statutes (2009), which governs judicial sales, and Florida Rule of Appellate Procedure 9.310, which addresses supersedeas bonds. Section 45.031(8) states in pertinent part: “Any party may serve an objection to the amount of the bid within 10 days after the clerk files the certificate of sale. If timely objections to the bid are served, the objections shall be heard by the court.” See also Nelson v. Santoro, 570 So.2d 1374 (Fla. 1st DCA 1990). The statute does not require payment of interest to reimburse the judgment creditor for any delay in disbursing the sales proceeds while the court considers the objections.
Rule 9.310, on the other hand, provides for posting of “a good and sufficient bond” to stay execution of an order pending appeal. This bond is intended to ensure the appellant pays or complies with the order in full, including interest and damages for delay if the review is dismissed or the order affirmed. See Wilson v. Woodward, 602 So.2d 545 (Fla. 2d DCA 1991).
Accordingly, South Beach Mortgage would not be entitled to interest for the time the funds were held while the trial court ruled on ANV Investment’s objections to the sale. South Beach Mortgage, however, would be entitled to interest for the time the funds were held during appellate review of ANV Investment’s motion to vacate the judgment, regardless of when the stay bond was posted. Thus, South Beach Mortgage is entitled to interest from March 17, 2009, when the trial court overruled ANV Investment’s objections to the sale, to October 16, 2009, when the clerk disbursed the sales proceeds to South Beach Mortgage. On remand, the trial court should calculate the interest for this period, and direct this amount to be disbursed from the $21,000 bond to South Beach Mortgage, with the remainder refunded to ANV Investment.
Reversed and remanded with instructions.

. ANV Investment was joined by a tenant, who is not a party to this appeal.